UNITED STATES DISTRICT COURT
EASTREN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY G. CANDIDO, individually, and on behalf of all others similarly situated,<br>     Plaintiff,<br><br>v.<br><br>UPPER DARBY TOWNSHIP,<br>     Defendant | Case No. 23-cv-1542<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Mary G. Candido brings this class action on behalf of herself and all others similarly situated against Upper Darby Township ("Upper Darby" or "Defendant"). Plaintiff alleges the following upon personal knowledge as to herself and as to all other matters upon information and belief.

**I.     INTRODUCTION**

1. This class action arises from Upper Darby's deprivation of constitutional due process rights to notice and a hearing in conjunction with the issuance of parking tickets.

2. Upper Darby's Parking Enforcement Department issues parking tickets for various purported vehicle parking-related violations. Upper Darby's tickets inform recipients that they may plead guilty and pay the parking fine, or else face prosecution. The tickets also note that recipients may contest tickets, but to do so they should wait to receive notice of a summons and hearing date to appear before the local district justice.

3. But, since at least the spring of 2021, the notice of summons and hearing date are never sent to recipients. Hundreds, if not thousands, of persons receiving parking tickets from

Upper Darby never receive notice of how and when they may contest a parking ticket, nor an opportunity to appear and dispute a ticket.

4. Instead, Upper Darby leaves recipients in limbo, under ever-compounding fines and the fear of prosecution, without the most basic due process concepts of notice and an opportunity to be heard. Absent any notice or hearing, many individuals simply pay the tickets out of fear or confusion, without ever being afforded their right to notice and a hearing.

5. Ms. Candido brings this action on behalf of herself and other persons similarly situated for injunctive, declaratory, and monetary relief because Upper Darby's conduct constitutes a violation of Ms. Candido's and other class members due process rights, as well as negligence and unjust enrichment under state law.

## II. PARTIES

6. Plaintiff Mary G. Candido is a citizen and resident of Clifton Heights, Delaware County, Pennsylvania.

7. Defendant Upper Darby Township is a home rule township in the Commonwealth of Pennsylvania, with its principal place of business and address at 100 Garrett Road, Upper Darby, PA 19082.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

9. This Court has personal jurisdiction over Upper Darby because it is a locality located within this District, conducts substantial business in this District, and the injuries alleged herein occurred in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Upper Darby is located/resides in this District, Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## IV. FACTUAL BACKGROUND

11. One of the most basic tenets of Due Process is a person's right to notice and an opportunity to be heard. Unfortunately, Upper Darby has denied this fundamental right to hundreds, if not thousands, of individuals to whom they have issued parking tickets.

12. Upper Darby, as a home rule township in the Commonwealth of Pennsylvania, has established its own Parking Enforcement Department to enforce the locality's parking and related laws. The Parking Enforcement Department is distinct from the local police department, and has its own process and systems distinct from the police department's, for issuing parking violation tickets, and levying and collecting fines for same.

13. Through its Parking Enforcement Department, Upper Darby directly issues citations to individuals for purported local parking infractions, (i.e., what are colloquially called parking tickets). Parking tickets are notices of violation of law, and carry with them fines and potentially criminal prosecution if not paid or successfully challenged in court.

14. As with any charged violation of law, individuals receiving parking tickets are entitled to their due process right to notice and an opportunity to be heard.

15. Indeed, Upper Darby's parking tickets themselves inform recipients of two options. The first is to plead guilty to the violation and pay the fine. Failure to pay the fine may result in additional fines and prosecution.

16. The second option is "to contest this ticket," in which instance the individual is advised "to wait to receive a summons from the district justice in order to receive a hearing."

17. However, since at least the spring of 2021, Upper Darby inexplicably has not issued summonses advising parking ticket recipients of their rights to contest a ticket and providing them with a hearing date.

18. Without ever being provided notice (i.e., a summons) and a hearing to contest a parking ticket, individuals are denied their opportunity to appear in court and challenge a purported parking violation. Instead, they are left in limbo and remain liable for ever-compounding fines and live under the fear of prosecution.

19. Due to these uncertainties and risks, numerous individuals simply plead guilty and pay the parking tickets, even if they believe they have good grounds to contest them, because they are never afforded any notice or opportunity to contest the tickets in court.

20. In one extreme example, a local barber shop owner had his car towed for parking violations for which he never received any summonses or hearing dates, while parking ticket fines kept adding up and compounding.[1] He "absolutely" wanted a hearing, but never received one.[2]

21. Plaintiff is but one of the many individuals, like the local shop owner discussed above, who has never received any notice or hearing date in connection with parking tickets issued by Upper Darby.

22. Plaintiff has received multiple parking tickets since spring of 2021. The most recent ticket she received was issued on or about December 17, 2022.

23. Plaintiff has never received a notice (e.g., summons) or hearing date in connection with any parking ticket issued to her by Upper Darby.

---

[1] *See, e.g.*, CBS News Philadelphia, CONCERN GROWS IN UPPER DARBY OVER HANDLING OF PARKING TICKETS (Jan 31, 2023), available at https://www.cbsnews.com/philadelphia/news/cbs3-investigations-upper-darby-parking-violations/ (last visited Apr. 17, 2023).
[2] *Id.*

4

24. Plaintiff also is aware of multiple other individual who have similarly received parking tickets issued by Upper Darby that they would like to contest, but cannot because Upper Darby has never provided them with notice or a hearing.

25. Startlingly, it has been reported that although a local state court has heard parking violation matters in the past, since the spring of 2021 there were *zero* hearings held on any parking violation matters.[3] This strongly corroborates Plaintiff's and other class members' experiences were not isolated or one-off instances, but are part of an ongoing pattern and practice by Upper Darby to deny individuals their due process rights to notice and a hearing.

V. **CLASS ALLEGATIONS**

26. Plaintiff brings this action both individually and as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) against Upper Darby on Plaintiff's own behalf and on the below classes (collectively referred to as "the Class"):

> All persons who, from at least the spring of 2021 to the present, have received a parking ticket issued by Upper Darby.

27. The Class includes a subclass as well:

> All persons who, from at least the spring of 2021 to the present, have paid money to Upper Darby for a parking ticket issued by Upper Darby.

28. Excluded from the Class are (a) any judge or magistrate presiding over this action, and members of their families; (b) Defendant and its employees, officers, directors, and agents; (c) Defendant's legal representatives, assigns and successors; and (d) all persons who properly execute and file a timely request for exclusion from any Court-approved class.

29. Plaintiff reserves the right to narrow or expand the foregoing class definitions, or to create or modify subclasses as the Court deems necessary.

---

[3] *Id.*

30. Plaintiff meets the prerequisites of Rule 23(a) to bring this action on behalf of the Class.

31. **Numerosity**: While the exact number of class members cannot be determined without discovery, they are believed to consist of potentially hundreds if not thousands of individuals. The Class is therefore so numerous that joinder of all members is impracticable.

32. **Commonality**: Common questions of law and fact exist as to all class members, including but not limited to:

   a. Whether Upper Darby had an obligation to provide notice and an opportunity to be heard in connection with parking tickets issued;

   b. Whether Upper Darby has issued parking tickets without providing notice and an opportunity to be heard;

   c. Whether Upper Darby's challenged conduct constitutes an unlawful policy, practice, procedure, or custom;

   d. Whether Upper Darby has acted intentionally, with reckless indifference, or negligently;

   e. Whether Upper Darby was unjustly enriched by receiving monies for parking tickets without providing notice and an opportunity to be heard;

   f. Whether the challenged practices harmed Plaintiff and other members of the Class; and

   g. Whether Plaintiff and other members of the Class are entitled to damages, restitution, equitable relief, declaratory relief, and/or injunctive relief.

33. **Typicality**: Plaintiff's claims are typical of other class members' claims. Plaintiff and other class members all suffered the same type of harm. Plaintiff has substantially the same interest in this matter as all other class members, and Plaintiff's claims arise out of the same set of

facts and conduct as the claims of all other class members.

34. **Adequacy of Representation**:  Plaintiff is committed to pursuing this action and have retained competent counsel experienced in class actions, consumer litigation, and federal court litigation. Accordingly, Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of other class members. Plaintiff's claims are coincident with, and not antagonistic to, those of the other class members they seek to represent. Plaintiff has no disabling conflicts with other class members and will fairly and adequately represent the interests of class members.

35. The elements of Rule 23(b)(2) are met. Defendant has acted on grounds that apply generally to all class members so that preliminary and/or final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

36. The requirements of Rule 23(b)(3) are met. The common questions of law and fact enumerated above predominate over the questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  Although many other class members have claims against Defendant, the likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Serial adjudication in numerous venues would not be efficient, timely or proper. Judicial resources would be unnecessarily depleted by resolution of individual claims. Joinder on an individual basis of thousands of claimants in one suit would be impractical or impossible. In addition, individualized rulings and judgments could result in inconsistent relief for similarly situated plaintiffs. Plaintiff's experienced counsel foresee little difficulty in the management of this case as a class action.

## VI.  CAUSES OF ACTION

### Count I – Violation of Due Process Rights Pursuant to 42 U.S.C. § 1983

37. Plaintiff incorporates by reference herein Paragraphs 1-36.

38. Plaintiff asserts this claim on behalf of herself and all similarly situated class members under 42 U.S.C. § 1983.

39. Acting under color of state law, Upper Darby intentionally, recklessly, and negligently failed to instruct or control its employees and agents of their duties with respect to the issuance of parking tickets by failing to provide recipients with notice and an opportunity to be heard, to contest the tickets.

40. Upper Darby should have known, and upon information and belief did know, that it had an obligation and the Constitution and laws of the United States and the constitution and laws of the Commonwealth of Pennsylvania to provide notice and a hearing to Plaintiff and other class members in connection with the issuance of parking tickets.

41. Upper Darby failed to exercise diligence in the instruction, supervision, and control of its employees and agents as to parking tickets and notice and an opportunity to be heard in connection with same.  Upper Darby had the authority and ability to prevent the deprivation of due process rights and could have done so with reasonable diligence, but grossly and recklessly failed or refused to do so.

42. Upper Darby's wrongful conduct constitutes a policy, pattern, or practice that has had and has ongoing detrimental effects to Plaintiff's and other class member's rights.

43. Upper Darby's conduct as alleged herein constitutes unlawful, deliberate, and wanton conduct, by and through its employees and agents, acting under color of state law.

44. Upper Darby's conduct as alleged herein constitute a substantive due process

violation that shocks the conscience insofar as there is no reasonable question that the Class were entitled to notice and a hearing, and a procedural due process violation insofar as the Class were denied procedures designed to protect their life, liberty, and property.

45. As a direct and proximate result of the acts and omissions alleged herein, Plaintiff and other class members have suffered a deprivation of constitutional and statutory rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of Constitution of the United States, the constitution of the Commonwealth of Pennsylvania, and the laws thereunder.

**Count II – Negligence**

46. Plaintiff incorporates by reference herein Paragraphs 1-36.

47. Upper Darby had a duty to exercise reasonable care in the issuance of parking tickets and the provision of notice and an opportunity to be heard in connection with same.

48. Upper Darby intentionally, recklessly, and negligently failed to instruct or control its employees and agents of their duties with respect to the issuance of parking tickets by failing to provide recipients with notice and an opportunity to be heard, to contest the tickets.

49. Upper Darby should have known, and upon information and belief did know, that it had an obligation and the Constitution and laws of the United States and the constitution and laws of the Commonwealth of Pennsylvania to provide notice and a hearing to Plaintiff and other class members in connection with the issuance of parking tickets.

50. Upper Darby failed to exercise diligence in the instruction, supervision, and control of its employees and agents as to parking tickets and notice and an opportunity to be heard in connection with same. Upper Darby had the authority and ability to prevent the deprivation of due process rights and could have done so with reasonable diligence, but grossly and recklessly failed or refused to do so.

51. Upper Darby's wrongful conduct constitutes a policy, pattern, or practice that has had and has ongoing detrimental effects to Plaintiff's and other class member's rights.

52. Upper Darby's conduct as alleged herein constitutes unlawful, deliberate, and wanton conduct, by and through its employees and agents, acting under color of state law.

53. As a direct and proximate result of the acts and omissions alleged herein, Plaintiff and other class members have been injured.

**Count III – Unjust Enrichment**

54. Plaintiff incorporates by reference herein Paragraphs 1-36.

55. Plaintiff asserts this claim on behalf of herself and all similarly situated subclass members under Pennsylvania law.

56. Upper Darby was unjustly enriched at the expense of subclass members by virtue of their paying fines for parking tickets, when they never received notice and an opportunity to be heard.

57. Upper Darby has profited unfairly at the subclass's expense.

58. The subclass was unjustly deprived of money obtained by Upper Darby as a result of the improper amounts collected for parking tickets that can and should have been challengeable in court, but for Upper Darby's failure to issue notice and provide an opportunity to be heard, in accordance with constitutional and other law. It would be inequitable and unconscionable for Upper Darby to retain the profit, benefit, and other compensation obtained from the subclass.

59. In the alternative to the other causes of actions alleged herein, the subclass has no adequate remedy at law.

60. The subclass are entitled to seek and do seek restitution from Upper Darby as well as an order from this Court requiring disgorgement of all profits, benefits, and other compensation

obtained by Upper Darby by virtue of its wrongful conduct.

### Count IV – 42 U.S.C. § 1988

61. Plaintiff incorporates by reference herein Paragraphs 1-36.

62. Upper Darby, as alleged herein, deprived Plaintiff and the Class of their life, liberty, or property, and procedures designed to protect same, without due process of law, under color of Pennsylvania law.

63. Plaintiff, accordingly, is entitled to recover reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following judgment:

A. An order certifying this action as a class action;

B. An order appointing Plaintiff as Class Representative, and appointing undersigned counsel as Class Counsel to represent the Class;

C. A declaration that Upper Darby violated the constitutional and related protections described herein.

D. An order awarding appropriate preliminary and/or final injunctive relief against the conduct of Defendant described herein, both retroactive to provide notice and an opportunity to be heard for the Class for prior parking tickets, and prospectively for future parking tickets issued.

E. Payment to Plaintiff and class members of all damages, exemplary damages, and/or restitution associated with the conduct for all causes of action in an amount to be proven at trial, including but not limited to the full amounts paid by the subclass for parking tickets issued without a notice and hearing.

  F. An award of attorneys' fees, expert witness fees, and costs, as provided by applicable law and/or as would be reasonable from any recovery of monies recovered for or benefits bestowed on the class members;

  G. Interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute; and

  H. Such other and further relief as this Court may deem just, equitable, or proper.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury on all causes of action so triable.

Dated: April 21, 2023

        Respectfully Submitted,

        */s/ Ruben Honik*
        Ruben Honik
        David J. Stanoch, Of Counsel
        Honik LLC
        1515 Market Street, Suite 1100
        Philadelphia, PA 19102
        Tel: 267-435-1300
        ruben@honiklaw.com
        david@honiklaw.com