**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARY G. CANDIDO, individually, and on behalf of all others similarly situated**<br>**Plaintiff,**<br>**v.**<br>**UPPER DARBY TOWNSHIP**<br>**Defendant.** | **CIVIL ACTION NO. 23-1542** |

**MEMORANDUM OPINION**

**Rufe, J.** **February 27, 2024**

Plaintiff Mary G. Candido brings this action on behalf of herself and individuals similarly situated against Upper Darby Township, alleging that Upper Darby failed to provide notice or an opportunity to be heard in connection with the issuance of parking tickets. Specifically, Plaintiff brings one count for the alleged violation of her due process rights pursuant to 42 U.S.C. § 1983; one count for negligence; one count for unjust enrichment; and one count for attorneys' fees under 42 U.S.C. § 1988. Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of standing under Article III of the United States Constitution, or, in the alternative, under Rule 12(b)(6) for failure to state a claim. For the reasons stated below, the motion will be granted in part and denied in part.

## I. BACKGROUND

The facts as alleged in Plaintiff's complaint are taken as true for purposes of the motion to dismiss. Upper Darby's Parking Enforcement Department issues tickets for various vehicle parking-related violations. The tickets inform recipients that they may plead guilty and pay a

fine, or else face prosecution.[1] The tickets also note that, in the alternative, recipients may contest tickets, but to do so they must wait to receive notice of a summons and hearing date.[2]

Plaintiff alleges that, since mid-2021, Upper Darby has not issued any notices of summons or hearing dates to any recipients of parking tickets.[3] Therefore, Plaintiff contends, people who received parking tickets from Upper Darby were never provided any information of how and when they may contest a parking ticket, nor were they given an opportunity to appear and dispute the underlying ticket. In fact, Plaintiff alleges that Upper Darby has issued zero notices and held zero hearings on contested tickets between approximately June 2021 and the filing of the Complaint.[4] Mary Candido, named Plaintiff in this case, alleges she has received parking tickets during the period in which Upper Darby failed to provide notice and a hearing.[5]

On April 21, 2023, Plaintiff Candido initiated this putative class action on behalf of herself and others similarly situated, alleging that Upper Darby's conduct constitutes a violation of Ms. Candido's and other class members' due process rights, as well as negligence and unjust enrichment under state law. Defendant has filed a Motion to Dismiss, to which Plaintiff has responded and Defendant has replied. The Court now addresses Defendant's Motion to Dismiss.

## II. JURISDICTION

This Court has federal question jurisdiction under 28 U.S.C. § 1331, as this action is brought pursuant to 42 U.S.C. § 1983 and Plaintiff alleges violations of her federal constitutional rights. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to consider

[1] Compl. [Doc. No. 1] ¶ 2.

[2] *Id.*

[3] *Id.* ¶ 3.

[4] *Id.* ¶¶ 17, 25.

[5] *Id.* ¶¶ 26–27.

Plaintiff's state law claims for negligence and unjust enrichment. Venue is appropriate in this district, pursuant to 28 U.S.C. § 1391, because the claims arose in this judicial district.

## III. Legal Standard

A motion to dismiss for lack of standing is "properly brought pursuant to Rule 12(b)(1) because standing is a jurisdictional matter."[6] Federal courts are courts of limited jurisdiction and under Article III of the Constitution, a federal court only has the power to adjudicate "Cases" or "Controversies."[7] The first step in evaluating a motion under Rule 12(b)(1) is to "determine whether the movant presents a facial or factual attack."[8] A factual challenge "contests the truth of the jurisdictional allegations."[9] A facial challenge, by contrast, "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court."[10] A facial challenge calls for the district court to apply the same standard as under Rule 12(b)(6).[11]

For a claim to survive a motion to dismiss under Rule 12(b)(6), each claim of a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.[12] The question is not whether the plaintiff will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold."[13] The court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether,

---

[6] *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)).

[7] U.S. Const. art. III, § 2.

[8] *Schering-Plough Corp.*, 678 F.3d at 243 (citations omitted).

[9] *Id*.

[10] *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (internal quotation marks and citation omitted).

[11] *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d. Cir. 2017); *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation omitted).

under any reasonable reading of the complaint, the plaintiff may be entitled to the relief."[14] However, the Court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'"[15] The Court must only consider allegations in the complaint, matters of public record, and exhibits attached to the complaint.[16]

## IV. Discussion

Defendant raises two distinct, but interconnected issues in its Motion to Dismiss. First, Defendant argues that Plaintiff lacks standing to bring suit on behalf of herself or as a representative of a putative class because she has failed to allege an "injury in fact." Second, Defendant argues that the Complaint fails to state a claim due "in part to Plaintiff's aforementioned failure to allege any injury personally suffered by her, as well as the application of the governmental immunity doctrine."[17] The Court addresses each in turn.

### A. Article III Standing

"[T]he irreducible constitutional minimum of standing consists of three elements[:]" (1) the plaintiff must have suffered an injury in fact; (2) the injury must be fairly traceable to the challenged conduct of the defendant; and (3) the injury is likely to be redressed by a favorable judicial decision.[18] The party asserting standing has the burden of establishing these elements.[19] Upper Darby argues that Plaintiff has failed to establish that she personally suffered an "injury in

---

[14] *Philips v. County of Allegheny*, 515 F.3d 224, 233 (3rd Cir. 2008) (internal quotation marks omitted) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3rd Cir. 2002)).

[15] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3rd Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)).

[16] *See Chester Cnty. Intermediate Unit v. Pa. Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990).

[17] Def.'s Mot. Dismiss [Doc. No. 11] at 2.

[18] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citations and quotation marks omitted).

[19] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

fact."[20] Defendant does not contest that Plaintiff's alleged injury is traceable to the challenged conduct of the defendant and that the injury may be redressed by a favorable judicial decision of this Court.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[21] For an injury to be "concrete," it must be "real, and not abstract,"[22] and "a risk of real harm may satisfy the requirement of concreteness."[23] In *Summers v. Earth Island Institute*, the Supreme Court held that a "deprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing."[24] "[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."[25]

According to Defendant, Plaintiff has failed to allege a *personal* deprivation of an individual interest in "life, liberty or property." Defendant avers that Plaintiff *herself* did not suffer a deprivation of property (*e.g.*, payment of parking tickets) and that the Complaint only alludes to deprivations of property "suffered by other *unidentified* members of the putative 'Subclass' (*e.g.*, payment of fines, towing of vehicles, etc.)."[26] The Court disagrees. It is evident

---

[20] Def.'s Mot. Dismiss [Doc. No. 11] at 5–6.

[21] *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560).

[22] *Spokeo*, 578 U.S. at 340.

[23] *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 115 (3d Cir. 2019) (internal citation and quotation marks omitted).

[24] *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009).

[25] *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal citation and quotation marks omitted).

[26] Def.'s Mot. Dismiss [Doc. No. 11] at 6, 9.

from the Complaint (and confirmed by Plaintiff's Response) that Plaintiff paid parking tickets after 2021.

Plaintiff brings this action against Upper Darby on "Plaintiff's own behalf and on the below classes"[27]:

> All persons who, from at least the spring of 2021 to the present, have received a parking ticket issued by Upper Darby. . . . The Class includes a subclass as well: All persons who, from at least the spring of 2021 to the present, have paid money to Upper Darby for a parking ticket issued by Upper Darby.[28]

It is evident from the Complaint that Plaintiff, as the proposed representative for the Class, has "paid money to Upper Darby for a parking ticket issued by Upper Darby." "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] presume that general allegations embrace those specific facts that are necessary to support the claim."[29] Plaintiff has alleged a clear injury in the form of paid parking tickets. At this stage, it is unnecessary for Plaintiff to provide a specific account of every parking ticket that she has individually received since 2021.

The Supreme Court has repeatedly recognized that financial or economic interests are "legally protected interests" for purposes of the standing doctrine.[30] The Third Circuit has confirmed that "[m]onetary harm is a classic and paradigmatic form of injury-in-fact."[31] Therefore, Plaintiff has alleged a monetary harm—the payment of parking tickets—stemming from the procedural deficiencies alleged.

---

[27] Compl. [Doc. No. 1] ¶ 26.

[28] *Id.* ¶¶ 26–27.

[29] *Lujan*, 504 U.S. at 561 (internal quotation marks and citation omitted); *In re Horizon*, 846 F.3d at 633–34.

[30] *Cottrell v. Alcon Laboratories*, 874 F.3d 154, 164 (3d Cir. 2017)

[31] *Id.* at 163 (internal quotation marks and citation omitted).

Second, Defendant contends that, even if Plaintiff has adequately alleged that she paid parking tickets, Plaintiff *voluntarily* paid the parking tickets, and she cannot "manufacture" standing merely by inflicting harm on herself based on a subjective fear of hypothetical future harm.[32] Taking the allegations put forth in the Complaint as true, Plaintiff (and the purported class) were faced with an impossible choice: either incur an economic injury for a ticket that they had a right to contest, or risk compounding fines, prosecution, or the towing of their cars as they continually waited in limbo for their day in court.[33] At this stage, the Court does not view the payment of parking tickets in such a scenario as voluntary. Therefore, Plaintiff has standing to bring her claims.

**B. Failure to State a Claim**

a. Count I – Violation of Due Process Rights Under 42 U.S.C. § 1983

The vehicle by which federal constitutional claims may be brought in federal court, is Section 1983 of Title 42 of the United States Code, that provides in part:

---

[32] Def.'s Reply [Doc. No. 16] at 5 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013)).

[33] Defendant also raises two additional arguments, both of which propose that the threat of prosecution from unpaid parking tickets is insufficient to constitute a harm. To the contrary, Plaintiff and similarly situated class members have plausibly alleged an injury in fact in the form of potential prosecution if the parking tickets were not paid. *See Kamal*, 918 F.3d at 111 ("When a procedural right protects a concrete interest, a violation of that right may create a sufficient risk of real harm to the underlying interest to satisfy the requirement of concreteness.") (internal quotations omitted).

First, Defendant argues that Plaintiff's "fear of prosecution" is insufficient to create standing because "Plaintiff actively *encourages* the very 'prosecution' which she allegedly fears by demanding the issuance of summonses and scheduling of hearings in connection with her unpaid parking tickets." Def.'s Mot. Dismiss [Doc. No. 11] at 12. Defendant's argument misses the mark. Plaintiff is not actively encouraging prosecution, but instead is arguing for fair notice and opportunity to be heard, the pillar of due process protections afforded under the Constitution. The "fear of prosecution" that Plaintiff alleges stems not from the mere receipt of a summons or hearing notice, but rather from the accumulation of unpaid parking tickets as she waits in limbo to be provided her day in Court. Moreover, and in any event, Plaintiff has sufficiently alleged an injury in the form of unpaid parking tickets, therefore it is immaterial whether the alleged "fear of prosecution" is sufficient to constitute Article III standing.

Second, Defendant provides a detailed account of the proper process for enforcing parking tickets under Pennsylvania law and argues that "the risk that Plaintiff may eventually suffer injury as a result of prosecution of her unpaid parking tickets rests on a 'highly attenuated set of circumstances.'" Def.'s Mot. Dismiss [Doc. No. 11] at 11 (emphasis omitted). However, any procedural protections afforded *after* notice has been provided are irrelevant because Plaintiff alleges that she has not been provided any *initial* notice.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[34]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[35] While a municipality may not be held liable under § 1983 on a *respondeat superior* theory,[36] a municipality may be held directly liable under § 1983 where the alleged constitutional violation arose pursuant to an "official policy or custom."[37] "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."[38]

Plaintiff alleges that there is a policy, custom, or pattern of Upper Darby failing to provide notice and an opportunity to be heard on their parking tickets. Plaintiff alleges that Upper Darby "intentionally, recklessly, and negligently failed to instruct or control its employees and agents of their duties with respect to the issuance of parking tickets by failing to provide recipients with notice and an opportunity to be heard, to contest the tickets."[39] The Complaint alleges that there was a practice for over two years of providing no notice to any person who

---

[34] 42 U.S.C. § 1983.

[35] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[36] *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

[37] *Id.* at 691–94.

[38] *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

[39] Compl. [Doc. No. 1] ¶ 39

received a parking ticket after 2021 and therefore, the Complaint satisfies the requirements of a *Monell* claim.[40] The Court addresses each claim brought under § 1983 below.

i. Procedural Due Process

Procedural due process requires "the state to afford an adequate level of process (notice and an opportunity to be heard) before depriving persons of a protected interest."[41] In other words, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*[42]

Consistent with the Court's discussion as to Article III standing in Section IV.A, Plaintiff has adequately alleged that (1) she has *personally* suffered a deprivation of her individual interest in life, liberty, or property (*i.e.*, the payment of tickets), and (2) she was not provided procedural safeguards (*i.e.*, notice and a hearing). Therefore, Plaintiff has adequately alleged a procedural due process claim.

ii. Substantive Due Process

Substantive due process claims are also actionable under § 1983[43] and require the government to refrain from interfering with individuals' fundamental rights.[44] To establish a substantive due process violation by a municipality, a plaintiff must show that the action "shocks

---

[40] *Monell*, 436 U.S. 658.

[41] *Mammaro v. N.J. Div. of Child Prot. and Permanency*, 814 F.3d 164, 169 (3d Cir. 2016) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

[42] *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

[43] *Id.*

[44] *County of Sacramento v. Lewis*, 523 U.S. 833, 842, 845–46 (1998).

the conscience."[45] This standard "encompasses only the most egregious official conduct."[46] "The exact degree of wrongfulness necessary to reach the 'conscience-shocking' level depends upon the circumstances of a particular case."[47]

Plaintiff has adequately alleged a substantive due process violation under the Fourteenth Amendment. The Complaint states that Upper Darby's reckless indifference "shocks the conscience insofar as there is no reasonable question that the Class were entitled to notice and a hearing . . . ."[48] The alleged facts corroborate this assertion: For two years, the Township allegedly followed a custom to not issue *any* notice of an opportunity to be heard to those who received parking tickets. This placed ticketholders in an impossible situation: (a) pay a ticket for which they may not have the financial means to do so and which they had a right to contest; or (b) risk the consequences of failing to pay a ticket and remain "liable for ever-compounding fines."[49] The Court finds that Plaintiff has alleged sufficient facts to move forward with a substantive due process claim.

iii. Fourth and Fifth Amendment

Defendant argues that Plaintiff has failed to sufficiently allege violations of the Fourth and Fifth Amendments. The Court agrees. The Complaint only references the Fourth and Fifth Amendments in a single conclusory statement: "Plaintiff and other class members have suffered a deprivation of constitutional and statutory rights guaranteed by the Fourth, Fifth, and

---

[45] *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 241 (2013) (citing *Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999)).

[46] *Sauers v. Lower Southampton Township*, 403 F. App'x 661, 663–64 (3d Cir. 2010) (quoting *United Artists Theatre Cir., Inc. v. Township of Warrington*, 316 F.3d 392, 401 (3d Cir. 2003)) (internal quotation marks omitted).

[47] *Miller*, 174 F.3d at 375.

[48] Compl. [Doc. No. 1] ¶ 44.

[49] *Id.* ¶ 18.

Fourteenth Amendments of Constitution of the United States . . . ."[50] The Court will address each constitutional provision in turn.

First, Defendant contends that the Complaint is otherwise "devoid of any factual allegations giving rise to an inference of any other purported violations of her *personal* Fifth Amendment rights (e.g. freedom from self-incrimination; right to a grand jury; freedom from double-jeopardy; freedom from government "takings" without just compensation, etc.)."[51] Plaintiff responds that Upper Darby's alleged taking of class members' money by levying civil penalties for parking infractions constitutes a violation of the Takings Clause of the Fifth Amendment.[52]

The Takings Clause of the Fifth Amendment provides that "private property" shall not "be taken for public use, without just compensation."[53] Plaintiff has failed to allege how the payment of parking tickets was a "taking" under the Fifth Amendment, as she does not make a mention of a "taking" in her Complaint. Plaintiff also has not addressed what the "taking" would be for those of the purported Class who received a ticket from Upper Darby, but never *paid* the parking ticket. In conclusion, there is no basis in the Complaint for Plaintiff to proceed with a claim that there was a taking under the Fifth Amendment.

Second, Defendant contends that Plaintiff has failed to state a claim under the Fourth Amendment. The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[54] To establish

---

[50] *Id.* at ¶ 45.

[51] Def.'s Mot. Dismiss [Doc. No. 11] at 15–16.

[52] Pl.'s Resp. Opp'n [Doc. No. 15] at 12–13.

[53] U.S. CONST. amend. V.

[54] U.S. CONST. amend. IV.

a claim under the Fourth Amendment, a plaintiff must show that the defendant's actions (1) constituted a "search" or "seizure," and (2) were "unreasonable" in light of the surrounding circumstances.[55] A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property.[56] In the Complaint, Plaintiff does not allege that any of her property was seized or searched. While Plaintiff alleges that some *unnamed* people have had their cars towed in relation to their failure to pay parking tickets, Plaintiff has failed to allege that the government has ever seized her *personal* property for failing to pay parking tickets. Furthermore, Plaintiff cannot claim that the "issuance of [a] traffic ticket effected a 'seizure.'"[57] In sum, there is no basis in the Complaint for Plaintiff to proceed on a claim under the Fourth Amendment.

iv. State Constitution

In Plaintiff's Complaint under the section titled "Count I – Violation of Due Process Rights Pursuant to 42 U.S.C. § 1983," she asserts that she has "suffered a deprivation of constitutional and statutory rights guaranteed by . . . the constitution of the Commonwealth of Pennsylvania . . . ."[58] Section 1983 only applies to the deprivation of rights under federal law. Plaintiff does not argue to the contrary in her Response. Therefore, any of Plaintiff's § 1983 claims, to the extent they allege a violation of Pennsylvania's State Constitution, must be dismissed.

---

[55] *Brower v. County of Inyo*, 489 U.S. 593, 595–600 (1989); *see also Carroll v. United States*, 267 U.S. 132, 147 (1925) (holding that the Fourth Amendment "does not denounce all searches and seizures, but only such as are unreasonable").

[56] *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

[57] *See DePiero v. City of Macedonia*, 180 F.3d 770, 789 (6th Cir. 1999); *Torres v. City of New York*, 590 F. Supp. 3d 610, 626–27 (S.D.N.Y. 2022) (finding that Plaintiff's Fourth Amendment rights were not violated because (1) she failed to allege a seizure of property in relation to the paying of parking tickets and (2) that the issuing of a parking ticket does not count as a Fourth Amendment seizure).

[58] Compl. [Doc. No. 1] ¶ 45.

b. Count II – Negligence

Plaintiff brings a state law claim of negligence. In Pennsylvania, the Plaintiff must establish the following elements: (1) the defendant owed the Plaintiff a duty; (2) the defendant breached the duty; (3) the Plaintiff suffered actual harm; and (4) a causal relationship existed between the breach of duty and the harm.[59] Under Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"), local agencies and its employees are granted immunity from tort liability, except for a few narrow exceptions.[60] The Act states, in pertinent part:

> Except as otherwise provided in the subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.[61]

The Act only waives immunity when the following conditions are met: (1) the damages alleged are otherwise recoverable under common law or statute; (2) an injury was caused by a negligent act of a local agency or employee acting within the scope of his official duties; and (3) the negligent act of the local agency falls within one of the eight enumerated categories, specifically:[62]

> (1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency . . . . (2) *Care, custody or control of personal property* . . . . (3) *Real property* . . . . (4) *Trees, traffic controls and street lighting* . . . . (5) *Utility service facilities* . . . (6) *Streets* . . . . (7) *Sidewalks* . . . . (8) *Care, custody or control of animals* . . . .[63]

---

[59] *French v. Commonwealth Assocs., Inc.*, 980 A.2d 623, 630–31 (Pa. Super. Ct. 2009).

[60] 42 PA. CONS. STAT. § 8541 (1980).

[61] *Id.*

[62] *Id.* § 8542(a).

[63] *Id.* § 8542(b).

The exceptions to immunity are to be "strictly and narrowly construed.[64] Plaintiff asserts that her claim falls within 8542(b)(2)'s exception to governmental immunity as her claim relates to the care, custody or control of personal property.[65] "The PSTCA does not define personal property; however, courts have found that it encompasses 'everything that is the subject of ownership, not coming under the denomination of real estate.'"[66] "The Complaint alleges both that Upper Darby takes the putative class's money, and in certain cases their vehicles, contrary to its own policy under which notice and a hearing should be but are not provided."[67] However, the *taking* of property (*e.g.*, parking fines) does not fall under the enumerated exception to the PSTCA.[68] There are no facts alleged in the Complaint that Defendant mishandled Plaintiff's money after the funds came into its possession. Therefore, due to the narrow construction of the PSTCA, the government immunity doctrine applies to Plaintiff's negligence claim.

c. <u>Count III – Unjust Enrichment</u>

To state a claim for unjust enrichment under Pennsylvania law, the plaintiff must allege that (1) she conferred a benefit on the defendant, (2) the defendant knew of the benefit and accepted or retained it, and (3) it would be inequitable to allow the defendant to keep the benefit without paying for it.[69] Defendant argues that Plaintiff has failed to establish that she *personally*

---

[64] *Sugalski v. Commonwealth*, 569 A.2d 1017, 1019 (Pa. Commw. Ct. 1990); see also *Southersby Dev. Corp. v. Township of South Park*, No. 14-1248, 2015 WL 1757767, at *10 (W.D. Pa. Apr. 17, 2015).

[65] Pl.'s Resp. Opp'n [Doc. No. 15] at 13.

[66] *Southersby*, 2015 WL 1757767, at *10 (quoting *Klingner v. Pocono Int'l Raceway, Inc.,* 433 A.2d 1357, 1361 (Pa. Super. Ct. 1981)).

[67] Pl.'s Resp. Opp'n [Doc. No. 15] at 13; *see also* Compl. ¶¶ 11–25, 47–53.

[68] *See Sherwood v. Pa. Dep't Corr.*, No. 767 M.D. 2018, 2020 WL 5406235 (Pa. Commw. Ct. Sept. 9, 2020) (finding no liability for the *taking* of an inmate's personal property); *Pa. Dep't of Corr. v. Tate*, 133 A.3d 350, 359–60 (Pa. Commw. Ct. 2016); *Goodley v. Folino*, No. 2376 C.D.2010, 2011 WL 10858491, at *4 (Pa. Commw. Ct., July 22, 2011).

[69] *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 492 (E.D. Pa. 2016).

conferred any "benefit" on Upper Darby in connection with the parking tickets she received. As this Court has previously stated, Plaintiff has sufficiently alleged that she paid parking tickets to Upper Darby—*i.e.*, that she conferred a financial benefit on the Township.

A question remains, however, regarding whether Defendant can be said to have been unjustly enriched because Plaintiff's parking tickets were improperly issued. "Whether the doctrine [of unjust enrichment] applies depends on the unique factual circumstances of each case."[70] In determining if the doctrine applies, the Court focuses "not on the intention of the parties, but rather on whether the defendant has been unjustly enriched."[71] The Court expresses doubt at this time as to whether Plaintiff will be able to establish an unjust enrichment claim. However, the Court will not dismiss the claim, as further development of the record is required to determine whether a valid claim may be established.

d. Count IV – Attorneys' Fees under § 1988

42 U.S.C. § 1988 authorizes courts to award reasonable attorney's fees to prevailing parties in civil rights litigation. As Plaintiff is permitted to proceed with her § 1983 claim, this claim remains as well.

## V. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is granted in part and denied in part. An order will be entered.

---

[70] *WFIC, LLC v. LaBarre*, 148 A.3d 812, 819 (Pa. Super. Ct. 2016).

[71] *Id.*