## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY G. CANDIDO,** *individually and on behalf of all others similarly situated,* | : | Case No. 2:23-CV-01542-CMR |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| **UPPER DARBY TOWNSHIP,** | : | |
| | : | |
| Defendant. | : | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Plaintiff Mary G. Candido ("Plaintiff"), on the one hand, and Defendant Upper Darby Township ("Upper Darby" or "Defendant"), on the other (collectively referred to as the "Parties" or singularly "Party") to effect the settlement set forth herein subject to Court approval.

### RECITALS

**A.** Whereas, on April 21, 2023, Plaintiff filed a complaint against Upper Darby on behalf of herself and a class of all persons who from at least spring of 2021 to the present have received parking tickets issued by Upper Darby, and a subclass of all persons from at least the spring of 2021 to the present who have paid money to Upper Darby for parking tickets. Plaintiff alleged the following claims: (i) violations of due process and other constitutional rights under 42 U.S.S. § 1983; (ii) negligence; (iii) unjust enrichment; and (iv) attorneys' fees and costs under 42 U.S.C. § 1988. *Candido v. Upper Darby Twp.*, No. 2:23-cv-01542 (E.D. Pa.) (the "Action").

**B.** Whereas, the Action alleges, and Plaintiff contends, that Upper Darby failed to provide notice and a hearing in connection with parking tickets issued by Upper Darby. Upper Darby denies the allegations.

**C.** Whereas, on February 27, 2024, the Court granted in part and denied in part Upper Darby's motion to dismiss.

**D.** Whereas, by entering into this Agreement, Upper Darby further denies that the class as defined in the Action is appropriate for class treatment, but does not oppose certification of a Settlement Class for the sole purpose of settling this Action and believes that the proposed settlement herein is desirable to avoid the further significant burden, expense, risk, and inconvenience of protracted litigation, and the distraction and diversion of its personnel and resources.

**E.**    Whereas Plaintiff and Upper Darby conducted a thorough investigation of the facts and analyzed the relevant legal issues regarding the claims asserted in the Action.  Each Party has exchanged substantial written disclosures and/or document productions.

**F.**    Whereas, in light of the above and in order to avoid the expense, risks and uncertainty of continued litigation, Plaintiff and Upper Darby engaged in extensive arm's-length negotiations, including an in-person mediation on July 25, 2024 before the Hon. Joel Schneider (ret.), former United States Magistrate Judge for the District of New Jersey, as a result of which the Parties have reached agreement to resolve the Action and have agreed to the terms set forth in this Agreement.

**AGREEMENT**

**NOW, THEREFORE**, in consideration of the mutual covenants, promises, warranties, representations, agreements, and other consideration set forth in this Agreement, the value and sufficiency of which is hereby acknowledged, the Parties hereby agree, subject to Court approval, to the resolution of the Action under the following terms and conditions:

**1.    DEFINITIONS.**  In addition to the definitions included in the Recitals above, and in later sections of this Agreement, the following shall be defined terms for purposes of this Agreement.  Some of the definitions in this section use terms that are defined later in the section.  All defined terms are capitalized and listed in alphabetical order:

**1.1**   As used herein, the term "***Authorized Claimant***" means any Settlement Class Member who does not validly request exclusion from the Settlement Class.

**1.2**   As used herein, ***"Cash Benefit"*** means the payment owed to Authorized Claimants from the Net Settlement Fund as set forth in Section 2.2.

**1.3**   As used herein, the term ***"Cash Settlement Fund"*** means the $800,000.00 non-reversionary cash settlement fund.

**1.4**   As used herein, the term ***"Class Representative Service Payment"*** means the amount awarded by the Court to Plaintiff for serving as the representative of the Settlement Class.

**1.5**   As used herein, the term "***Court***" means the United States District Court for the Eastern District of Pennsylvania.

**1.6**   As used herein, the term "***Defendant***" and **"*Upper Darby*"** means the named Defendant Upper Darby Township in the Action.

**1.7**   As used herein, the terms "***Defendant's Counsel***" and "***Upper Darby's Counsel***" mean the law firm of Cipriani & Werner.

**1.8**   As used herein the term "***Exclusion Deadline***" means the date by which Settlement Class Members must file any request for exclusion from the Settlement, in accordance with the procedures set forth herein and/or in any order from the Court, which will be at least fifty-five (55) days after entry of preliminary approval, and at least thirty (30) days prior to the Fairness Hearing.

**1.9**   As used herein "***Execution Date***" means the last date of execution by all of the undersigned parties.  This Agreement shall be deemed executed upon the last date of execution by all of the undersigned parties.

**1.10**  As used herein, the term "***Fairness Hearing***" means the hearings to be held by the Court to consider and determine whether the Agreement should be approved as fair, reasonable, and adequate, and whether the Final Order and Judgment approving the Agreement should be entered.

**1.11**  As used herein, the term "***Final Order and Judgment***" means the Court's entry of a final Order approving the Agreement and awarding Class Representative Service Payments and Plaintiff's Counsel's Fees and Expenses, and Judgment following the Fairness Hearing. The proposed Final Order and Judgment that Plaintiff submits to the Court for its approval shall be substantially similar to the form attached as **Exhibit D**.

**1.12**  As used herein, the term "***Full Notice***" means the full legal notice summarizing the proposed terms of this Agreement, as approved by Plaintiff's Counsel, Upper Darby's Counsel, and the Court, to be provided to Settlement Class Members under Section 5.2 of this Agreement. The Full Notice shall be substantially similar to the form attached as **Exhibit B**.

**1.13**  As used herein, the term "***Injunctive Relief***" means the injunctive relief set forth in Section 2.3.

**1.14**  As used herein, the term "***Mailed Notice***" means the legal notice summarizing the proposed terms of this Agreement, as approved by Class Counsel, Upper Darby's Counsel and the Court, to be provided to Settlement Class Members under Section 5.2 of this Agreement via U.S. Postal Service. The Mailed Notice shall be substantially similar to the form attached as **Exhibit C**.

**1.15**  As used herein, the term "***Net Settlement Fund***" means the amount distributed to Settlement Class Members who submit valid and timely Claims for the Cash Benefit and is the amount of the Cash Settlement Fund less all Settlement Administrator Costs, the Class Representative Service Payment, and Plaintiff's Counsel's Fees and Expenses.

**1.16**  As used herein, the term "***Notice Period***" means the period starting twenty (20) days after entry of an order entering Preliminary Approval and continuing until the Claim Filing Deadline. The Notice Period shall be at least sixty (60) days in duration.

**1.17**  As used herein, the term "***Objection Deadline***" means the date by which Settlement Class Members must file any objections to the Agreement, in accordance with the procedures set forth herein and/or in any order from the Court, which will be at least at least forty-five (45) days after entry of Preliminary Approval, and at least thirty (30) days prior to the Fairness Hearing.

**1.18**  As used herein, the terms "***Plaintiff's Counsel***" and "***Class Counsel***" means the law firm Honik LLC.

**1.19**  As used herein, the terms "***Plaintiff's Counsel's Fees and Expenses***" mean the amount awarded by the Court to Plaintiff's Counsel as reasonable attorneys' fees and expenses reasonably incurred in the Action.

**1.20**  As used herein, the term "***Preliminary Approval Order***" means the order provisionally certifying the Settlement Class for settlement purposes only, approving and directing notice, and setting the Fairness Hearing.  The proposed Preliminary Approval Order that Plaintiff submits to the Court for approval shall be substantially similar to the form attached as **Exhibit A**.

**1.21**  As used herein, "***Parking Ticket***" means any parking ticket or parking violation issued by Upper Darby between January 1, 2021 and December 31, 2022.

**1.22**  As used herein, the term "***Released Defendant Parties***" means Defendant and its

predecessors, successors, parents, subsidiaries, members, indemnitors, insurers, reinsurers, and affiliates, as well as their respective present and former officers, directors, members, shareholders, managers, employees, attorneys, agents and other representatives.

**1.23** As used herein, the term "***Settlement***" means the settlement of the Action and related claims effectuated by this Agreement.

**1.24** As used herein, the term "***Settlement Administrator***" means the settlement administrator chosen in accordance with Section 5.1 of this Agreement, subject to approval of the Court, who will provide notice and claims administration for the Settlement.

**1.25** As used herein, the term "***Settlement Administration Costs***" means the amount paid to the Settlement Administrator for administering the Settlement.

**1.26** As used herein, the term "***Settlement Benefit***" means the money distributed to Settlement Class Members pursuant to Section 2.2.

**1.27** As used herein, the term "***Settlement Class***" means, for settlement purposes only, all persons who were issued a parking ticket by Upper Darby between January 1 , 2021 and December 31, 2022, excluding (a) any Settlement Class Members who file a timely request for exclusion; (b) any officers, directors, or employees, or immediate family members of the officers, directors, or employees, of Defendant or any entity in which Defendant has a controlling interest; (c) any person who has acted as a consultant of Defendant; (d) any legal counsel or employee of legal counsel for Defendant; (e) any federal, state, or local government entities; and (f) any judicial officers presiding over the Action and the members of their immediate family and judicial staff.

**1.28** As used herein, the term "***Settlement Class Member***" means each member of the Settlement Class who does not file a timely request to be excluded from the Settlement.

**1.29** As used herein, the term "***Settlement Class Period***" means between March 1, 2021 through January 1, 2022.

**1.30** As used herein, the term "***Settlement Date***" means the date on which this Agreement will become effective and on which all of the following have occurred: (a) execution of the Settlement Agreement by all Parties, Plaintiff's Counsel, and Upper Darby's Counsel; (b) certification of the proposed Settlement Class for settlement purposes only; (c) entry of a final order and judgment ("Judgment") by the Court approving this Settlement; and (d) finality of the Judgment by virtue of it having become final and non-appealable through (i) the expiration of all allowable periods for appeal or discretionary appellate review without an appeal or request for discretionary appellate review having been filed, or (ii) final affirmance of the Judgment on appeal or remand, or final dismissal or denial of all such appeals and requests for discretionary review.

**1.31** As used herein, the term "***Settlement Website***" means the website that shall be created for settlement administration purposes and administered by the Settlement Administrator.

**1.32** As used herein, the term, "***Total Settlement Amount***" means the total amount of $800,000.00 that Upper Darby has agreed to pay under the terms of this Agreement.

**2. AGREEMENT TERMS.**

**2.1 Cash Settlement Fund**. Upper Darby will establish a non-reversionary Cash Settlement Fund of EIGHT HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($800,000.00).

  **(a)** The Cash Settlement Fund shall be used to pay all Cash Benefits, Settlement Administration Costs, Class Representative Service Payments, and

Plaintiff's Counsel's Fees and Expenses.

**(b)** On or before five (5) business days after entry of the Preliminary Approval Order, Upper Darby shall pay the estimated Settlement Administration Costs to the administrator.

**(c)** On or before ten (10) business days after the Settlement Date, Upper Darby shall provide the remainder of the Cash Settlement Fund Amount to the Settlement Administrator that was not already provided to pay estimated Settlement Administration Costs.

**2.2    Net Settlement Fund.**  The Net Settlement Fund will consist of the remainder of the Cash Settlement Fund after payment of all Settlement Administrator Costs, the Class Representative Service Payment, and Plaintiff's Counsel's Fees and Expenses.

**(a)** The Net Settlement Fund will be allocated to each Authorized Claimant on a pro rata percentage based on the total amount each Authorized Claimant paid for Parking Ticket(s) in relation to the total amount paid by all Authorized Claimants for Parking Tickets. Cash Benefit payments shall not exceed the total amount an Authorized Claimant paid for Parking Ticket(s).

**(b)** The Settlement Administrator will issue direct payments to all Authorized Claimants twenty-one (21) calendar days after the Settlement Date. Payments for Cash Benefits may be issued in the form of a check or an electronic fund transfer or similar electronic means made payable to the Authorized Claimant. Checks will be sent via U.S. Mail to the Authorized Claimant's last known address, a forwarding address provided by the claimant or United States Postal Service, or as otherwise provided by the Authorized Claimant. Checks expire 90 days after the date on the check. Electronic payments will be sent in accordance with the instructions provided by the Authorized Claimant.

**(c)** After the expiration of a 90-day issuance period for direct payment of Cash Benefits, the Settlement Administrator shall cause a single re-issuance of direct payments for any uncashed checks or undeliverable or unclaimed electronic payments. The Settlement Administrator will use reasonable efforts to correct any physical address information, or digital account information, information necessary to facilitate payments to Authorized Claimants.

**(d)** If there are any funds in the Net Settlement Fund that remain unclaimed after allocation of the Cash Benefits and expiration of initial payments and a single re-issuance of uncashed, undeliverable or unclaimed initial payments, the remainder will be distributed on a *cy pres* basis to the Legal Aid of Southeastern Pennsylvania ("LASP").

**2.3    Injunctive Relief.** Upper Darby will implement the following**.**

**(a)** No later than 30 calendar days after the Execution Date, Upper Darby will contact the Administrative Office of Pennsylvania Courts ("AOPC") and/or the Delaware County Magistrate Court Administrator ("DCMCA") to request all Parking Tickets that remain unpaid be cancelled or voided. Upper Darby will take reasonable steps necessary to assist the AOPC and/or DCMCA" in cancelling or voiding all unpaid Parking Tickets. Upper Darby

will return or credit payments made on Parking Tickets after the Execution Date. Not later than 5 business days before the date Plaintiff will file a motion for preliminary approval, Upper Darby shall inform Plaintiff of the number of Parking Tickets cancelled or voided; the status of the efforts to cancel or void the remainder of the Parking Tickets not yet cancelled or voided(if any); the number of individuals to whom such Parking Tickets had been issued, and the total dollar amount of all such Parking Tickets cancelled or voided.

**(b)**    No later than 30 calendar days after the Settlement Date, Upper Darby will implement business practice changes reasonably necessary to ensure that notice and a hearing are timely provided for parking violation tickets issued by Upper Darby.

**2.4    Class Representative Service Payments.**  The Parties acknowledge that Plaintiff will apply to the Court for approval of the Class Representative Service Payment in an amount up to $5,000 in recognition of her efforts and activities in furtherance of both the litigation and this Agreement. The Class Representative Service Payment shall be paid from the Cash Settlement Fund and will not be distributed to Plaintiff prior to the Settlement Date. If the Court approves the Agreement and the Class Representative Service Payment to Plaintiff, the Class Representative Service Payment approved by the Court will be paid by the Settlement Administrator within ten (10) calendar days after Upper Darby provides the funds to the Settlement Administrator as described in 2.1(c) above. The Parties represent that their negotiation of, and agreement to, this section did not occur until after the substantive terms of the Agreement had been negotiated and agreed to in principle. No interest shall be paid on the Class Representative Service Payment.

**2.5    Plaintiff's Counsel's Fees and Expenses.**  The Parties acknowledge that Plaintiff shall move the Court, at least thirty (30) days before the Objection Deadline and the Exclusion Deadline, for approval of an award of Plaintiff's Counsel's Fees, in an amount of up to one-third of the Total Settlement Amount, as well as Expenses. If the Court approves the Agreement and an award of attorneys' fees and expenses to Plaintiff's Counsel, Plaintiff's Counsel's Fees and Expenses shall be paid from the Cash Settlement Fund within ten (10) calendar days after Upper Darby provides the funds to the Settlement Administrator as described in 2.1(c) above. Except as otherwise provided herein, Plaintiff's Counsel and Upper Darby's Counsel shall bear their own respective fees, costs, and expenses. The Parties represent that their negotiation of, and agreement to, the term of this section did not occur until after the substantive terms of the Agreement had been negotiated and agreed to in principle No interest shall be paid on any portion of Plaintiff's Counsel's Fees and Expenses.

**2.6    Reduction in Plaintiff's Awards or Class Counsel's Attorneys' Fees.**  A reduction by the Court or by an appellate court of the Class Representative Service Payments or Plaintiff's Counsel's Fees and Expenses sought by Plaintiff and Plaintiff's Counsel shall not affect any of the Parties' other rights and obligations under the Agreement.

**2.7    No Tax Liability.**  No provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor will be construed or relied upon as, tax advice. Each Party has relied exclusively upon his, her or its own independent legal and tax advisers for advice (including tax advice) in connection with this Agreement. Settlement Class Members and/or Plaintiff's Counsel shall be solely responsible for any taxes on any recovery, Settlement Benefit or award under this Agreement.

3. **RELEASE AND WAIVER**.

   **3.1   Release by Plaintiff and Settlement Class.**  Effective immediately upon the Settlement Date, Plaintiff and each Settlement Class Member who does not timely opt-out of the Settlement shall fully, completely and forever release and discharge the Released Defendant Parties from any claims arising out of or related to Parking Tickets that were or could have been asserted in the Action, except for claims to enforce any of the terms of this Agreement.

   **3.2 Release by Defendant.**  Effective immediately upon the Settlement Date, Upper Darby shall fully, completely and forever release and discharge Plaintiff, Settlement Class Members that did not timely request exclusion from the Settlement Class, or Class Counsel from any claims arising out of or relating to the Action or Parking Tickets, except for claims to enforce any of the terms of this Agreement.

   **3.3   No Admission of Liability or Wrongdoing.**  The Parties have resolved the Action on a mutually agreeable basis after extensive arm's-length negotiations, with no concession, acknowledgment or admission whatsoever of liability or wrongdoing of any kind by Upper Darby. Nothing in the fact or principal terms of settlement, the settlement proceedings, the settlement negotiations, this Agreement or any stipulation to or certification of the Settlement Class shall constitute or be used as an admission of any act or omission, liability or wrongdoing of any kind by Upper Darby, or be used or offered in any action or proceeding or received in evidence against Upper Darby as an admission, concession, presumption, or inference in any way, in any matter or otherwise, including as an admission of the propriety or feasibility of certifying a class. Any and all discussions, statements, and/or communications of any type between the Parties and their counsel in the course of settlement negotiations shall remain confidential subject to Federal Rule of Evidence 408 and any similar state rule of evidence.

4. **COURT APPROVAL PROVISIONS.**

   **4.1   Preliminary Approval and Provisional Class Certification.**  Plaintiff shall file a motion for preliminary approval as soon as feasibly possible after the Execution Date and, for the purposes of the Settlement only, Upper Darby will not oppose class certification.  The motion for preliminary approval shall request that the Court:

   **(a)**   conditionally certify the Settlement Class in the Action for settlement purposes only;

   **(b)**   preliminarily approve the form, manner, and content of the notices described in Section 5.2 of this Agreement, and attached as **Exhibits B-C**;

   **(c)**   direct that notice be provided to Settlement Class Members as described in this Agreement;

   **(d)**   set a deadline for the filing of objections, exclusions, the filing of the fee, cost, and award motion, the final approval motion; and schedule the date of the Fairness Hearing;

   **(e)**   stay all proceedings in the Action until the Court renders a final decision on approval of the Agreement;

   **(f)**   conditionally appoint Plaintiff as the Class Representative for settlement purposes only;

      **(g)**    conditionally appoint the law firm Honik LLC as Class Counsel for settlement purposes only;

      **(h)**    approve the objection and exclusion procedures for Settlement Class Members; and

      **(i)**    appoint the Settlement Administrator.

The proposed Preliminary Approval Order shall be substantially similar to the form attached as **Exhibit A**. Upper Darby shall be permitted, but not required, to file its own brief or statement as may be necessary to state its positions and defend its interests in response to Plaintiff's motion for preliminary approval of the Settlement. Plaintiff will provide Upper Darby's counsel with the motion for preliminary approval that Plaintiff intends to file before filing the motion with the Court. Upper Darby will not oppose certification of the Settlement Class.

**4.2   Final Court Approval of the Settlement.**  At least fourteen (14) calendar days before the final Fairness Hearing set by the Court, Plaintiff will file a motion for final approval of the Settlement and proposed Final Order and Judgment:

      **(a)**    Approving the Agreement as fair, reasonable and adequate and directing completion of the terms and provisions of this Agreement;

      **(b)**    Adjudicating that the releases contained in Section 3 of this Agreement bind each Settlement Class Member who does not timely opt out of the Settlement;

      **(c)**    Certifying the Settlement Class for settlement purposes only;

      **(d)**    Approving a Class Representative Service Payment for Plaintiff as compensation for her services as the class representative;

      **(e)**    Approving an award of Plaintiff's Counsel's Fees and Expenses as reasonable attorneys' fees and costs;

      **(f)**    Entering judgment in the Action; and

      **(g)**    Retaining the Court's jurisdiction over the enforcement of this Settlement.

The proposed Final Order and Judgment shall be substantially similar to the form attached as **Exhibit D**. Upper Darby shall be permitted, but not required, to file its own brief or statement as may be necessary to state its positions and defend its interests in response to Plaintiff's motion for final approval of the Settlement. Plaintiff will provide Upper Darby's counsel with the motion for final approval that Plaintiff intends to before filing the motion with the Court. Upper Darby will not oppose certification of the Settlement Class.

**4.3   Proof of Notice.**  No later than seven (7) calendar days before the deadline for Plaintiff to file her brief in support of the Final Order and Judgment, the Settlement Administrator will serve upon Class Counsel and Upper Darby a declaration confirming that notice to the Settlement Class has been provided in accordance with Section 5 of this Agreement. Such Proof of Notice will include, *inter alia*, the number of Mailed Notices sent, as well as the number of Mailed Notices that were undeliverable, the number of address lookups and how many of those were successful, the number of Settlement Class Members who elected electronic payment, the

number and names of the Settlement Class Members who opted out, and the number of Settlement Class Members who objected to or commented on the Settlement.

**4.4    Court Approval Contingency**. This entire Settlement is contingent upon Court approval. Absent Court approval there is no Settlement, and the procedural status of the Action shall return to the *status quo ante*. If this Settlement is not approved by the Court, the Parties expressly reserve all of their rights, remedies and defenses, including but not limited to Upper Darby's right to challenge class certification on any and all grounds. In the event that the Court does not approve the Settlement, Upper Darby shall not be obligated to make any payments or provide any other monetary or non-monetary relief to Plaintiff or the Settlement Class Members, any attorneys' fees or expenses to Class Counsel, or any Class Representative Service Award to Plaintiff.

**4.5    If the Settlement Does Not Become Final**. If the Court, or a reviewing court, fails to approve the Settlement or modifies or rejects the Settlement's terms in any material way, the Settlement will be deemed null and void, as if it had never been entered into by the Parties. In the event the Settlement is deemed null and void, the Parties will resume the Action as if the Settlement had not been entered, and the terms set forth in this Agreement will have no force and effect and may not be used in this Action or any other action or proceeding of any kind for any purpose.

**5.    CLASS NOTICE AND CLAIMS PROCEDURES.**

**5.1    Settlement Administration.** Notice and claims administration will be paid out of the Settlement Fund and performed by the Settlement Administrator. The Settlement Administrator shall be chosen by Plaintiff's Counsel, subject to approval of the Court, with the consent of Defendant's Counsel, which will not be unreasonably withheld. Defendant's Counsel and Plaintiff's Counsel will work cooperatively with the Settlement Administrator in connection with administering the Settlement. The Settlement Administrator shall retain a record of the provision of all Class Notice as described below and will provide periodic updates to the Parties during the Notice Period.

**5.2    Class Notice.** Subject to the Court entering the Preliminary Approval Order, the Parties agree that the Settlement Administrator will provide notice in accordance with the form agreed to in this Agreement and approved by the Court. The proposed notice forms are attached to this Agreement as **Exhibits B-C**. The proposed notice forms are subject to further consultation with the Settlement Administrator. Any revisions to the substance of the forms will be agreed to by Plaintiff's Counsel and Upper Darby's Counsel. Notice shall include all of the following:

(a)    **Settlement Website**. The web address for the Settlement Website will be www.upperdarbyparkingticket2021-2022.com or a name substantially similar and approved in advance by Upper Darby. The Full Notice shall be posted on the Settlement Website and shall be substantially similar to the form attached as **Exhibit B**. The Settlement Website will also contain the Complaint, the Agreement, Frequently Asked Questions ("FAQs") about the Settlement prepared by the Settlement Administrator and approved by Class Counsel and Upper Darby, the Preliminary Approval Order and Final Order and Judgment, following entry by the Court, and such other information agreed to by Plaintiff's Counsel and Upper Darby. Within seven (7) court days of when Class Counsel files a motion for attorneys' fees and costs, the Settlement Website will also post the fees and costs motion. The Settlement Website will also include the functionality to allow Authorized Claimants to correct the physical address to which direct

payment checks are to be mailed, or alternatively to elect to receive an electronic payment. The Settlement Website shall be operative starting on or before twenty (20) calendar days after entry of the Preliminary Approval Order and shall be deleted and made inaccessible sixty (60) days after distribution of the Settlement Benefit to the majority of Authorized Claimants.

(b)    **Full Notice** shall consist of the full legal notice summarizing the terms of this Agreement, as approved by Plaintiff's Counsel, Upper Darby's Counsel, and the Court. The Full Notice shall be substantially similar to the form attached **as Exhibit B**. The Full Notice will be posted on the Settlement Website and sent to Settlement Class members who so request.

(c)    **Mailed Notice** shall be sent via postcard, pre-paid postage, and pre-filled with the claimant's information and served by direct mail to the last known address of the Settlement Class Member to the extent such addresses are kept by Defendant. Before mailing the Mailed Notice, the Settlement Administrator shall update the addresses provided by Upper Darby with the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. If the Mailed Notice is returned as undeliverable, the Settlement Administrator shall perform skip trace research and shall make one (1) attempt to remail the Mailed Notice as soon as possible before the Claim Filing Deadline. Defendant will provide to Plaintiff and the Settlement Administrator available data for Settlement Class Members' last known mailing addresses, if any, not later than ten calendar days after entry of the Preliminary Approval Order. The Settlement Administrator will provide the Mailed Notice on or beforethirty (30) calendar days after entry of the Preliminary Approval Order. It will be conclusively presumed that the intended recipients received the Mailed Notice if the Mailed Notice has not been returned to the Settlement Administrator as undeliverable within thirty (30) calendar days of mailing. The Mailed Notice shall be substantially similar to the form attached as **Exhibit C.**

**5.3    CAFA Notice.** Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall serve upon the Attorney General of the United States and all appropriate State officials notice of the proposed Settlement as required by law.

**5.4    Right to Verify.** The Settlement Administrator shall review all information relating to Authorized Claimants for completeness, validity, accuracy, and timeliness and may contact any claimant to request additional information and/or documentation to determine status as an Authorized Claimant.

**5.5    Objections.** Any Settlement Class Member who has not submitted a timely written exclusion request pursuant to Section 5.6 of this Agreement and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement, may elect to object to the Agreement by sending a written objection to the Settlement Administrator that (a) states the case name and number: *Candido v. Upper Darby Cosmetics, LLC*, Case No. 2:23-cv-01542 (E.D. Pa.); (b) states

the full name, address, email address, and telephone number of the Settlement Class Member making the objection; (c) contains a statement that he/she objects to the Agreement and the reasons for the objections; and (d) is signed by the Settlement Class Member making the objection or an authorized representative. Any written objection must be submitted to the Settlement Administrator by U.S. Mail. Any written objection must be submitted electronically or postmarked no later than the Objection Deadline. The Settlement Administrator must serve on Class Counsel and Upper Darby's Counsel a list of Settlement Class Members who have objected along with the substance of those objections no later than seven (7) court days prior to the filing date of Plaintiff's motion for final approval. If a Settlement Class Member submits both an exclusion request and an objection, the exclusion request shall take precedence and be considered valid and binding, and the objection shall be deemed to have been sent by mistake and rejected. Settlement Class Members have the option to appear at the Fairness Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Agreement, or to the award of attorneys' fees regardless of whether they have timely submitted a written objection to the Settlement Administrator.

**5.6   Exclusion from the Settlement Class.**  Settlement Class Members may elect not to be part of the Settlement Class and not to be bound by this Agreement.  To make this election, Settlement Class Members must submit a Notice of Opt-Out electronically or by U.S. Mail. Settlement Class Members may also send a signed letter or postcard to the Settlement Administrator stating: (a) the name and case number of the Action; (b) the full name, address, telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Agreement, postmarked no later than the Exclusion Deadline. The Settlement Administrator must serve on Class Counsel and Upper Darby's Counsel a list of Settlement Class Members who have timely and validly excluded themselves from the Settlement Class no later than seven (7) court days prior to the filing date of Plaintiff's motion for final approval. If a Settlement Class Member submits both a Claim Form and an exclusion request, the Claim Form shall take precedence and be considered valid and binding, and the exclusion request shall be deemed to have been sent by mistake and rejected.

**6.   ADDITIONAL PROVISIONS.**

**6.1   Change of Time Periods.**  All time periods and dates described in this Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Settlement Class.

**6.2   Inadmissibility.**  This Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any court or tribunal in any state, territory, or jurisdiction.  Further, this Agreement shall not be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Order and Judgment.

**6.3   Mutual Cooperation and Best Efforts.**  The Parties acknowledge and agree to fully cooperate with each other and to use their best efforts to accomplish the terms of this Agreement, including but not limited to the execution of documents and any other action reasonably necessary to implement the Settlement and the terms and conditions of this Agreement.

**6.4   No Prior Assignments.**  In executing this Agreement, Plaintiff and each Settlement

11

Class Member warrants and represents that he or she has not assigned, sold, transferred or otherwise disposed to any third party any actual or potential claim, any portion of any actual or potential claim, or any other matters that are being released in the Agreement. Plaintiff and each Settlement Class Member agrees to defend, indemnify, and hold harmless Upper Darby from and against any claim (including payment of attorneys' fees and costs) based on or in connection with or arising out of any such assignment, sale, transfer, or other disposition made, purported or claimed.

      **6.5**    **Non-Reversionary Settlement.** There will be no reversion of any funds to Upper Darby.

      **6.6**    **Intervening Change of Law**. Except as expressly provided herein in relation to the Injunctive Relief, the Settlement will not be affected by any future change, modification, reversal or clarification of law. Any change, modification, reversal or clarification of law will not affect the validity or enforceability of the Settlement unless such change, modification, reversal or clarification of law renders this Agreement unlawful.

      **6.7**    **Voluntary Agreement.** This Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

      **6.8**    **Binding on Successors.** This Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

      **6.9**    **Parties Represented by Counsel.** The undersigned Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Agreement by independent counsel of their own choosing, that they have read this Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of its legal effect.

      **6.10 Entire Agreement.** This Agreement and all exhibits hereto contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action. This Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement.

      **6.11 Construction and Interpretation.** Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them. This Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

      **6.12 Headings and Formatting of Definitions.** The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Agreement. Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Agreement. The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Agreement.

      **6.13 Modifications and Amendments.** No amendment, change, or modification of this Agreement or any part thereof shall be valid unless in writing signed by the Parties or their counsel and approved by the Court.

      **6.14 Governing Law.** This Agreement is entered into in accordance with the laws of the Commonwealth of Pennsylvania and shall be governed by and interpreted in accordance with the

laws of the Commonwealth of Pennsylvania, exclusive of its conflicts of law principles. The Parties agree that for purposes of the Settlement the U.S. District Court for the Eastern District of Pennsylvania may assert general personal jurisdiction over the Parties.

**6.15 Agreement Constitutes a Complete Defense.** To the extent permitted by law, this Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement.

**6.16 Dismissal with Prejudice.** Plaintiff and Settlement Class Members shall provide a Release as described herein. Thereafter the Court will dismiss the action with prejudice.

**6.17 Counterparts.** This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or electronic versions of executed copies of this Agreement may be treated as originals.

**6.18 Recitals.** The Recitals are incorporated by this reference and are part of the Agreement.

**6.19 No Conflict Intended.** Any inconsistency between this Agreement and the attached exhibits will be resolved in favor of this Agreement.

**6.20 Class Counsel Signatories**. Because the members of the Settlement Class could potentially be numerous, it is impossible or impractical to have each member of the Settlement Class execute this Agreement. The Full Notice to the Settlement Class described above will advise all members of the Settlement Class of the binding nature of the releases in this Agreement. Such Full Notice, when approved by the Court and completed by the Parties, will have the same force and effect as if this Agreement were executed by each Settlement Class Member who does not timely opt out of the Settlement.

**6.21 Notices.** Any notice, instruction, objection or application to the Court sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Upper Darby to the attention of Upper Darby's Counsel, and if to Settlement Class Members to the attention of Plaintiff's Class Counsel on their behalf.

| PLAINTIFF'S COUNSEL | UPPER DARBY'S COUNSEL |
|---|---|
| Ruben Honik<br>David Stanoch<br>**Honik LLC**<br>1515 Market Street<br>Suite 1100<br>Philadelphia, PA  19102 | Joseph D. Shelby<br>**Cipriani & Wener**<br>45 East Orange Street<br>Lancaster, PA 17602 |

**6.22 List of Exhibits:** The following exhibits are attached to this Agreement:

Exhibit A:    [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B:    Full Notice

Exhibit C:    Mailed Notice

Exhibit D:    [Proposed] Final Approval Order and Judgment


**AGREED TO AND ACCEPTED:**

Dated:   October 15, 2024

For Plaintiff Mary G. Candido

By:    _____
Ruben Honik, Counsel for Plaintiff

Dated:   October 15, 2024

For Defendant Upper Darby Township

By:    _____
Joseph D. Shelby, Counsel for Defendant

14

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY G. CANDIDO,

Plaintiff,

v.

UPPER DARBY TOWNSHIP,

Defendant.

Case No. 2:23-cv-01542-CMR

**[PROPOSED] PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER**

Plaintiff Mary G. Candido ("Plaintiff"), individually and on behalf of the proposed Settlement Class,[1] seeks preliminary approval of a proposed Settlement of claims against Defendant Upper Darby Township ("Upper Darby" or "Defendant"). For the reasons set forth herein, the Court GRANTS preliminary approval and GRANTS preliminary certification of the Settlement Class for settlement purposes only.

## I. BACKGROUND

Plaintiff initiated this lawsuit on April 21, 2023 on behalf of herself and a class of all persons who from at least spring of 2021 to the present have received Parking Tickets issued by Upper Darby, and a subclass of all persons from at least the spring of 2021 to the present who have paid money to Upper Darby for Parking Tickets. Plaintiff alleged the following claims: (i) violations of due process and other constitutional rights under 42 U.S.S. § 1983; (ii) negligence; (iii) unjust enrichment; and (iv) attorneys' fees and costs under 42 U.S.C. § 1988. The Action

---

[1] Unless otherwise specifically defined herein, all capitalized terms have the same meanings as those set forth in the parties' Settlement Agreement.

1

alleges that Upper Darby failed to provide notice and a hearing in connection with parking tickets issued during a discrete period of time. Upper Darby denies the allegations.

The Parties conducted a thorough investigation of the facts and analyzed relevant legal issues regarding the claims asserted in the Action. The Parties have exchanged substantial written disclosures and/or document productions. Upper Darby provided Plaintiff with data demonstrating the size of the Settlement Class and the amounts paid on Parking Tickets.

The Parties engaged arm's-length negotiations, including an in-person mediation before the Hon. Joel Schneider (ret.), former United States Magistrate Judge for the District of New Jersey. As a result of these efforts, the Parties reached a resolution reflected in the Settlement Agreement currently before the Court.

Having read the papers filed and reviewed the materials submitted, the Court finds that the proposed Settlement is fair, reasonable, and adequate. The Court finds as follows:

## II.    SETTLEMENT TERMS

### A.    The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All persons who were issued a parking ticket by Upper Darby between January 1, 2021 and December 31, 2022, excluding (a) any Settlement Class Members who file a timely request for exclusion; (c) any officers, directors, or employees, or immediate family members of the officers, directors, or employees, of Defendant or any entity in which Defendant has a controlling interest; (d) any person who has acted as a consultant of Defendant; (e) any legal counsel or employee of legal counsel for Defendant; (f) any federal, state, or local government entities; and (g) any judicial officers presiding over the Action and the members of their immediate family and judicial staff.

No class have previously been certified in this Action.

### B.    Benefits to the Settlement Class

The Settlement Agreement, if approved, will create an $800,000.00 non-reversionary Cash

Settlement Fund and it will resolve the claims of Plaintiff and all Settlement Class Members relating to Upper Darby's alleged failure to provide a notice and hearing in connection with Parking Tickets. The Cash Settlement Fund will provide direct cash payments to Settlement Class Members who do not exclude themselves from the settlement, as well as pay the costs of settlement notice and administration, Plaintiff's Counsel's Fees and Expenses, and any Class Representative Service Payment that the Court may approve.

In addition to the Cash Settlement Fund, the Settlement includes important and valuable injunctive relief. Upper Darby will cancel or void all remaining Parking Tickets, and will (and already has) institute business practice changes to better manage the administrative aspects of parking tickets.

### C.    Settlement Administrator and Administration Costs

The proposed settlement Administrator is Angeion Group, a leading class action administration firm in the United States. The administrative costs of the Settlement will be paid from the Cash Settlement Fund.

### D.    Class Member Release

Upon the Settlement Date, and in consideration for the cash payments and other promises contained in the Settlement Agreement, each Settlement Class Member who does not timely opt-out of the Settlement shall release the Released Defendant from claims arising out or relating to Parking Tickets that were or could have been brought in this Action.

### E.    Proposed Notice and Claims Program

The Parties' proposed Class Notice as provided in Section 5.2 of the Settlement Agreement consist of direct notice mailed to the last known addresses of all Settlement Class Members, as maintained by Upper Darby. The Settlement Administrator will perform skip trace research for any

Mailed Notice that is returned as undeliverable and shall make one attempt to remail the Mailed Notice. Settlement Class Members need not submit claims forms for receipt of a payment from the Cash Settlement Fund; payment will be made directly by check or, upon election by the Settlement Class Member, by electronic means. A Settlement Website will allow Settlement Class Members to view and download the Full Notice and other enumerated case documents, and will allow them to modify their mailing address or to elect alternative electronic payment. The Settlement Administrator will also ensure that the necessary and timely notice is provided to any state or federal officers a required by the Class Action Fairness Act, 28 U.S.C. § 1715.

### F.    Opt-Outs and Objections

The Class Notice will advise Settlement Class Members of their right to opt out of the Settlement or to object to the Settlement and/or to Class Counsel's application for attorneys' fees and cost, and/or the Class Representative Service Payment.

Settlement Class Members who choose to opt out must send a signed letter or postcard electronically through the Settlement Website or by U.S. Mail to the Settlement Administrator stating: (a) the name and case number of the Action; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Agreement. Any Settlement Class Member who does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

Settlement Class Members who have not submitted a timely written exclusion request and who wish to object to the fairness, reasonableness, or adequacy of the Agreement, may elect to object to the Agreement by sending a written objection to the Settlement Administrator as set forth in the Settlement Agreement.

### G.    Attorneys' Fees and Expenses and Class Representative Service Payment

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees, as well as reasonable expenses incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek attorneys' fees in an amount not to exceed one-third (1/3) of the Total Settlement Amount, in addition to expenses. Any approved fees and expenses will be paid from the Cash Settlement Fund prior to distribution to the Settlement Class Members. Class Counsel may also petition the Court for up to $5,000 for Plaintiff as the Class Representative Service Payment to compensate her for her time and effort in the Action. Any approved payment will be deducted from the Cash Settlement Fund prior to distribution to the Settlement Class Members.

Neither final approval, nor the size of the Cash Settlement Fund, are contingent upon approval of the full amount of requested Plaintiff's Counsel's Fees and Expenses or the Class Representative Service Payment.

## III.    FINDINGS AND ORDERS

### A. The Settlement Agreement Warrants Preliminary Approval

The Court finds, on a preliminary basis, that the Settlement Agreement is within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court has reviewed the terms of the Settlement and preliminarily finds the Settlement to be fair, reasonable, and adequate. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Fairness Hearing to be disseminated to the Settlement Class; and (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure

23 and the Class Action Fairness Act, 28 U.S.C. § 1715, and the United States Constitution.

### B.  Certification For Settlement Purposes Is Appropriate

On a motion for preliminary approval, the parties must also show that the Court "will likely be able to ... certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(c)(1). The Court finds for purposes of settlement only that the Settlement Class meets all the requirements of Fed. R. Civ. P. 23(a) and (b)(3). This includes appointment of Plaintiff Mary Candido as the Class Representative, and Ruben Honik and David J. Stanoch of Honik LLC as Class Counsel, as each of the foregoing satisfy Fed. R. Civ. P. 23(a)(4).

### C.  The Settlement Administrator and Notice Plan Is Approved

Due process under Fed. R. Civ. P. 23 requires that class members receive notice of the Settlement and an opportunity to be heard and participate in the litigation. *See* Fed. R. Civ. P. 23(c)(2)(B). It seems to the Court that the proposed Class Notice plan in the Settlement Agreement, which consists of direct Mailed Notice and a Settlement Website, as well as Full Notice, comports with due process, Rule 23, and all other applicable law.  The proposed Settlement Administrator, Angeion LLP, also appears to be appropriately qualified and is hereby approved to serve as Settlement Administrator.

### IV.    SCHEDULE AND PROCEDURES

The Court orders the following schedule and procedures for disseminating the Class Notice, requesting exclusion from the Settlement Class, objecting to the Settlement, filing the motion for the Plaintiff's Counsel's Fees and Expenses and the Class Representative Service Payment, filing the Motion for Final Approval, and submitting Claims:

| Event | Date |
|---|---|
| Settlement Administrator to establish Settlement Website | 20 calendar days from Preliminary Approval Order |
| Settlement Administrator to send Mailed Notice to Settlement Class Members | 20 calendar days from Preliminary Approval Order |
| Deadline to file Plaintiff's Counsel's Fees and Expenses Application | 30 calendar days from Preliminary Approval Order |
| Objection Deadline | 60 calendar days from Preliminary Approval Order |
| Exclusion Deadline | 60 calendar days from Preliminary Approval Order |
| Deadline to file Motion for Final Approval | At least 14 calendar days before Fairness Hearing |
| Fairness Hearing | At least 90 calendar days from Preliminary Approval Order |

## V.    FAIRNESS HEARING

The Fairness Hearing shall be held before this Court on DATE, at TIME in Courtroom XX, located in the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106 to determine: (a) whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether the Final Approval Order dismissing the Action with prejudice should be entered; (c) whether to approve payment of Plaintiff's Counsel's Fees and Expenses; and (d) whether to approve payment of the Class Representative Service Payment for Plaintiff as requested by Class Counsel.

## VI.    OTHER PROVISIONS

Class Counsel and Defendant are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the proposed Class Notice

plan provided in the Settlement Agreement. The deadlines set forth in this Order may be extended by Order of the Court without further notice to Settlement Class Members, except that notice shall be posted on the Settlement Website. Settlement Class Members should check the Settlement Website regularly for updates and further details regarding the deadlines. Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved Class Notice to be valid, although the Court will accept exclusions and objections deemed to be in substantial compliance.

If for any reason the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason, the Parties will be restored to the *status quo ante* as set forth more specifically in the Settlement Agreement.

## VII.    CONCLUSION

Accordingly, the Court having considered the Motion for Preliminary Approval of Class Action Settlement and Provisional Certification of the Settlement Class, it is hereby ORDERED that:

1.    The Motion is GRANTED;

2.    The proposed Settlement Class is certified for settlement purposes only pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure;

3.    Mary Candido is appointed as the Class Representative;

4.    Ruben Honik and David J. Stanoch of Honik LLC are appointed as Class Counsel; and,

5.    The proposed Class Notice plan complies with the requirements of Rule 23 and Due Process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

**IT IS SO ORDERED, this _____ day of _____, 2024**


_____
Rufe, J.

# EXHIBIT B

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

*Candido v. Upper Darby Township*, Case No. 2:23-cv-01542-CMR (E.D. Pa.)

> ## If Upper Darby Township issued you a parking ticket between January 1, 2021, and December 31, 2022, a class action settlement may affect your rights.

*A federal court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been proposed in a class action lawsuit against Upper Darby Township ("Upper Darby" or "Defendant") alleging that Upper Darby failed to provide notice and a hearing in connection with parking tickets issued by Upper Darby. Upper Darby denies the allegations.

- If you were issued a parking ticket by Upper Darby between January 1 , 2021 and December 31, 2022, you are included in this Settlement as a "Settlement Class Member."

- The Settlement provides for a Cash Settlement Fund in the amount of $800,000.00 to pay all Cash Benefits, Settlement Administration Costs, Class Representative Service Payments, and Plaintiff's Counsel's Fees and Expenses. Certain unpaid tickets will be voided as well.

- Your legal rights are affected regardless of whether you do or do not act. Read this notice carefully. For complete details, visit WEBSITE or call toll-free 1-XXX-XXX-XXXX.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SELECT YOUR PREFERRED METHOD OF PAYMENT BY: DEADLINE** | If you do <u>not</u> exclude yourself from the Settlement, you will receive a Cash Benefit payment in the form of a check. If you would prefer to receive your payment via one of the digital options available (PayPal, Venmo, ACH transfer, Zelle or Virtual Mastercard), you must provide your digital payment selection and payment information. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY: DEADLINE** | If you exclude yourself from this Settlement, you will not receive a payment, but you will not release your claims against Upper Darby. This is the only option that allows you to be part of any other lawsuit against Upper Darby for the legal claims resolved by this Settlement. If you exclude yourself from the Settlement, you may not object to the Settlement. |
| **OBJECT TO THE SETTLEMENT BY: DEADLINE** | To object to the settlement, you can write to the Court with reasons why you do not agree with the Settlement. You may ask the Court for permission for you or your attorney to speak about your objection at the Fairness Hearing at your own expense. |
| **DO NOTHING** | If you do nothing, you will not receive a payment from the Settlements. You will also give up certain legal rights. |

**Questions? Visit WEBSITE or call toll-free 1-XXX-XXX-XXXX**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 2

WHO IS INCLUDED IN THE SETTLEMENT?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 3

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY . . . . . . . . . . . . . . . . . . . . . . . . PAGE 3

HOW TO GET CASH BENEFITS—SELECTING A PAYMENT METHOD . . . . . . . . . . . . . . . . . . . . . . . PAGE 4

REMAINING IN THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 4

EXCLUDING YOURSELF FROM THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 4

THE LAWYERS REPRESENTING YOU. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 5

OBJECTING TO THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 6

THE COURT'S FINAL APPROVAL HEARING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 6

IF YOU DO NOTHING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 7

GETTING MORE INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 7

## BASIC INFORMATION

### 1. Why is this Notice being provided?

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after objections or appeals (if any) are resolved, the Settlement Administrator appointed by the Court will distribute Cash Benefit payments to Settlement Class Members who do not exclude themselves from the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what payments are available, who is eligible for them, and how to get them.

The Court overseeing this case is the United States District Court for the Eastern District of Pennsylvania. The case is known as *Candido v. Upper Darby Township*, Case No. 2:23-cv-01542-CMR (E.D. Pa.). Mary Candido, the individual who brought this Action, is called the Plaintiff or Class Representative, and the entity sued, Upper Darby Township or Upper Darby, is called the Defendant.

### 2. What is this lawsuit about?

The lawsuit alleges that Upper Darby failed to provide notice and a hearing in violation of due process and other constitutional rights in connection with parking tickets issued by Upper Darby. Upper Darby denies all the claims and contentions alleged against it in the Action.

For more information and to review the complaint filed in this Action, visit WEBSITE.

### 3. What is a class action Settlement?

In a class action, one or more people called Plaintiff or Plaintiffs sue on behalf of people who have similar claims. Together, these people are called a Settlement Class or Settlement Class Members. One Court and one judge resolve the issues for all Class members, except for those who exclude themselves from the Settlement Class.

### 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiff or Upper Darby. Instead, the Plaintiff negotiated a settlement with Upper Darby that allows the Plaintiff, the proposed Settlement Class, and Upper Darby to

avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. The Settlement provides benefits and allows Settlement Class Members to obtain Cash Benefits without further delay. The Plaintiff and Class Counsel think the Settlement is in the best interest of all Settlement Class Members. The Settlement does not mean that Upper Darby did anything wrong.

## WHO IS INCLUDED IN THE SETTLEMENT?

| **5.  How do I know if I am part of the Settlement?** |
| --- |

The Settlement Class includes all persons all persons who were issued a parking ticket or parking violation by Upper Darby between January 1 , 2021 and December 31, 2022.

Settlement Class Members were also sent notice of this class action Settlement via mail. If you have received notice of this Settlement, you are eligible to receive a Cash Benefit payment. If you are still not sure whether you are included, you can contact the Settlement Administrator by calling toll-free at 1-XXX-XXX-XXXX or by visiting the Settlement Website at WEBSITE.

| **6.  Are there exceptions to being included in the Settlement?** |
| --- |

Yes. The Settlement Class specifically excludes: (a) any Settlement Class Members who file a timely request for exclusion; (b) any officers, directors, or employees, or immediate family members of the officers, directors, or employees, of Defendant or any entity in which Defendant has a controlling interest; (c) any person who has acted as a consultant of Defendant; (d) any legal counsel or employee of legal counsel for Defendant; (e) any federal, state, or local government entities; and (f) any judicial officers presiding over the Action and the members of their immediate family and judicial staff.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

| **7.  What does the Settlement provide?** |
| --- |

The Settlement provides for a Cash Settlement Fund in the amount of $800,000.00 be used to pay all Cash Benefits, Settlement Administration Costs, Class Representative Service Payments, and Plaintiff's Counsel's Fees and Expenses.

The Net Settlement Fund will consist of the remainder of the Cash Settlement Fund after payment of all Settlement Administrator Costs, the Class Representative Service Payment, and Plaintiff's Counsel's Fees and Expenses.

The Net Settlement Fund will be allocated to each Authorized Claimant on a *pro rata*, per Parking Ticket basis.

| **8.   Are there other benefits under the Settlement?** |
| --- |

Yes. In addition to the Cash Settlement Fund, Upper Darby will implement the following:

(a)      No later than 30 calendar days after the Class Action Settlement Agreement ("Settlement Agreement") is signed by all Parties (the "Execution Date"), Upper Darby will take all reasonable steps necessary to cancel or void all unpaid Parking Tickets that were issued between January 1, 2021 and December 31, 2022. Upper Darby will return, or credit payments made on Parking Tickets after the Execution Date – if (1) those ticket(s) were issued between January 1, 2021 and December 31, 2022 and (2) the payment of the ticket was made after receipt of a notice of hearing before a Magistrate District Judge.

(b)    No later than 30 calendar days after the Settlement Date (when the Settlement becomes final and effective), Upper Darby will implement business practice changes reasonably necessary to ensure that notice and a hearing are timely provided for parking violation tickets issued by Upper Darby.

To view the full Settlement Agreement, please visit WEBSITE.

## HOW TO GET CASH BENEFITS—SELECTING A PAYMENT METHOD

### 9.    How do I receive a Cash Benefit from the Settlement?

Settlement Class Members who do not exclude themselves from the Settlement will be issued a Cash Benefit payment after the Settlement is approved by the Court and any appeals are resolved. If you are a Settlement Class Member, you do not need to take any further action to receive a Cash Benefit. Settlement Class Members who do nothing will be issued a check to their address on file.

If you would like to update your mailing address or elect to receive your Cash Benefit payment via one of the digital payment options available—PayPal, Venmo, ACH transfer, Zelle, or Virtual Mastercard—please visit WEBSITE.

The deadline to update your address or select a digital payment method is **Month Day, 202X.**

### 10.   When will I get my payment?

The Court will hold a Fairness Hearing at __:_0_.m. on Month Day, 202X to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may be appeals, and resolving them may take additional time. Please be patient.  If you have further questions regarding payment timing, you may contact the Settlement Administrator by emailing EMAIL ADDRESS.

## REMAINING IN THE SETTLEMENT

### 11.   Do I need to do anything to remain in the Settlement?

You do not have to do anything to remain in the Settlement, but if you want to receive your Cash Benefit payment via one of the digital payment options available, you must select your digital payment option and provide your payment information no later than **Month Day, 202X.**

If you do nothing, you will be issued a Cash Benefit payment in the form of a check mailed to the address on file for you.

### 12.   What am I giving up as part of the Settlement?

If the Settlement becomes final, you will give up your right to sue Upper Darby for the claims being resolved by this Settlement. The specific claims you are giving up against Upper Darby and the claims you are releasing are described in the Settlement Agreement, available at WEBSITE.

If you have any questions about what claims you are giving up and which parties you are releasing, you can talk to the law firms listed in Question 16 for free or you can, of course, talk to your own lawyer at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive a Cash Benefit payment from this Settlement, and you want to keep the right to sue Upper Darby about legal issues resolved by this Settlement, then you must take steps to get out of

the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

**13.  If I exclude myself, can I still get a Cash Benefit payment from the Settlement?**

No. If you exclude yourself from the Settlement, you will not be issued a Cash Benefit payment from the Settlement, but you will not be bound by any judgment in this Action.

**14.  If I do not exclude myself, can I sue the Defendant for the same thing later?**

No.  Unless you exclude yourself from the Settlement, you give up any right to sue Upper Darby for the claims that this Settlement resolves.  You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

**15.  How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must submit a Notice of Opt-Out electronically or by U.S. Mail. Your Notice of Opt-Out must include a statement that you want to be excluded from the Settlement in *Candido v. Upper Darby Township*, Case No. 2:23-cv-01542-CMR (E.D. Pa.). Your Opt-Out must also include your full name, current address, telephone number, email address, and signature. You must mail your exclusion request postmarked no later than **Month __, 202X** to:

By Mail:  Upper Darby Parking Ticket Settlement
**Attn: Exclusions**
P.O. Box 58220
Philadelphia, PA 19102


Electronically:  Visit WEBSITE


Settlement Class Members will only be able to submit an opt-out request on their own behalf; mass or class opt-outs are not permitted.


## THE LAWYERS REPRESENTING YOU


**16.  Do I have a lawyer in this case?**

Yes. The Court appointed the following attorneys as "Class Counsel" to represent the Settlement Class:

| Class Counsel |
|---|
| Ruben Honik |
| David Stanoch |
| **Honik LLC** |
| 1515 Market Street, Suite 1100 |
| Philadelphia, PA 19102 |


You will not be charged for contacting Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.  How will Class Counsel be paid?**

Class Counsel will ask the Court to award Fees in the amount of one-third of the Cash Settlement Fund ($266,666.67) plus reasonable Expenses. Class Counsel will also seek a Class Representative Payment in the amount of $5,000.00 for the Plaintiff and Class Representative, Mary Candido.

The Court may award less than these amounts. Please visit WEBSITE for updates.

## OBJECTING TO THE SETTLEMENT

**18.  How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you do not like or agree with the Settlement or some part of it. You can give reasons to the Court why you think the Court should not approve the Settlement. The Court will consider your views before deciding.

**Objections must:** (a) state the case name and number: *Candido v. Upper Darby Township*, Case No. 2:23-cv-01542 (E.D. Pa.); (b) state the full name, address, email address, and telephone number of the Settlement Class Member making the objection; (c) contains a statement that he/she objects to the Settlement Agreement and the reasons for the objections; and (d) is signed by the Settlement Class Member making the objection or an authorized representative.

If you wish to appear and speak at the Fairness Hearing, you must indicate so in your objection.

**Objections must be mailed to the Settlement Administrator at:**

Upper Darby Parking Ticket Settlement
Attn: Objections
P.O. Box 58220
Philadelphia, PA 19102

For an objection to be considered by the Court, **the objection must be mailed so it is postmarked no later than DEADLINE**.

**19.  What is the difference between objecting to and excluding myself from the Settlement?**

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement, you have no basis to object and you will not receive a Cash Benefit payment because the Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. You cannot speak at the hearing if you exclude yourself from the Settlement.

**20.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at Time on Month Day Year, in Courtroom ___ located at Court Address. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for an award of Attorneys' Fees and in the amount up to $266,666.67, plus Expenses, as well as a Class Representative Payment in the amount of $5,000.00. The Court will take into consideration any timely sent written objections and may also listen to anyone who has requested to speak at the hearing (*see* Question 22).

**21.  Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the Final Fairness Hearing at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

**22. May I speak at the Final Fairness Hearing?**

Yes, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must follow the instructions provided in Question 18 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

**23. What happens if I do nothing?**

If you do nothing and the Court approves the Settlement, you will still be issued a Cash Benefit payment in the form of a check mailed to the address on file for you. You will also be bound by the Settlement Agreement. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Upper Darby about the issues involved in this lawsuit, resolved by this Settlement, and released by the Settlement Agreement.

## GETTING MORE INFORMATION

**24. Are more details about the Settlement available?**

Yes. This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at WEBSITE, or by writing to Settlement Administrator via mail or email:

Upper Darby Parking Ticket Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
EMAIL ADDRESS

**25. How do I get more information?**

For more information, please visit WEBSITE or call toll-free 1-XXX-XXX-XXXX. You can also contact the Settlement Administrator by mail or email.

***Please do not call the Court or the Clerk of the Court for additional information.***

EXHIBIT C

# Notice of Proposed Class Action Settlement

**Upper Darby Township** issued you a parking ticket between January 1, 2021, and December 31, 2022, a class action settlement may affect your rights.

A federal court authorized this Notice.

This is not a solicitation from a lawyer.

For more information about the Settlement, please visit **WEBSITE** or call toll-free 1-**XXX-XXX-XXXX**.

Upper Darby Parking Ticket Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

A proposed settlement has been reached in a lawsuit entitled *Candido v. Upper Darby Township*, Case No. 2:23-cv-01542-CMR (E.D. Pa.), alleging that Upper Darby failed to provide notice and a hearing in connection with parking tickets issued by Upper Darby. Upper Darby denies the allegations. The Settlement does not mean that Upper Darby did anything wrong.

**Am I Included?** Yes. Defendant's records indicate you are a Settlement Class Member and included in this Settlement.

**What Are the Settlement Benefits.** The Settlement provides for a Cash Settlement Fund in the amount of $800,000.00 be used to pay any Cash Benefits, Settlement Administration Costs, Class Representative Service Payments, and Plaintiff's Counsel's Fees and Expenses. After payment of all Settlement Administrator Costs, the Class Representative Service Payment, and Plaintiff's Counsel's Fees and Expenses, the Net Settlement Fund will be allocated to each Authorized Claimant on a pro rata, per Parking Ticket basis. Certain unpaid tickets will be voided as well. To read more about the Settlement Benefits, visit WEBSITE.

**How Do I Receive a Cash Benefit Payment?** Settlement Class Members who do not exclude themselves from the Settlement will be issued a Cash Benefit payment after the Settlement is approved by the Court and any appeals are resolved. If you are a Settlement Class Member, you do not need to take any further action to receive a Cash Benefit. Settlement Class Members who do nothing will be issued a check to their address on file.

If you would like to update your mailing address or elect to receive your Cash Benefit payment via one of the digital payment options available—PayPal, Venmo, ACH transfer, Zelle, or Virtual Mastercard— please visit WEBSITE. The deadline to update your address or select a digital payment method is DEADLINE.

**What Are My Options?** If you **do nothing**, you will not be able to sue or continue to sue the Defendant about the claims resolved by this Settlement. If you **exclude yourself**, you will not receive any Settlement Benefits, but you will keep your right to sue the Defendant in a separate lawsuit about the claims resolved by this Settlement. If you do not exclude yourself, you can **object** to the Settlement. The deadline to exclude yourself from the Settlement or to object to the Settlement is DEADLINE. Visit WEBSITE for complete details on how to exclude yourself from, or object to, the Settlement.

**The Fairness Hearing.** The Court will hold a Fairness Hearing at TIME, on DATE, in Courtroom XX located at INSERT COURT ADDRESS. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for an award of Attorneys' Fees in the amount up to $266,666.67, plus Expenses, and a Class Representative Award in the amount of $5,000.00 for the Plaintiff. If there are objections, the Court will consider them.

**This Notice is only a Summary.** For additional information, please visit WEBSITE or call toll-free 1-XXX-XXX-XXXX.

EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY G. CANDIDO,

Plaintiff,

v.

UPPER DARBY TOWNSHIP,

Defendant.

Case No. 2:23-cv-01542-CMR

**[PROPOSED] FINAL APPROVAL
ORDER AND JUDGMENT**

Pending before the Court are the Motion for Final Approval of Class Action Settlement filed by Plaintiff Mary G. Candido. The Motion came before the Court for hearing in Courtroom XX of the United States District Court for the Eastern District of Pennsylvania on DATE/TIME. Having read all the papers filed in connection with the Motions, reviewed all the evidence submitted with respect to the proposed Settlement, and heard the arguments of counsel, the Court finds the proposed Settlement is fair, reasonable, and adequate. The Court finds as follows:

1.   Unless otherwise indicated, capitalized terms have the same meanings as those set forth in the Parties' Settlement Agreement.

2.   The Court has personal jurisdiction over all Settlement Class Members, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto.

3.   The Class Notice plan implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is

reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

4.    Of the XX Mailed Notices sent to Settlement Class Members for whom Defendant Upper Darby had mailing address information, XX were returned undeliverable without a forwarding address, and XX were returned undeliverable with a forwarding address.  After address verification searching, XX updated addresses were identified and remailed, along with the XX notices with forwarding addresses.

5.    As of the Objection Deadline, XX Class Members have objected to or commented on the Settlement.

6.    As of the Exclusion Deadline, the following XX Class Members have opted out of the Settlement: see Exhibit A hereto.

7.    The Court finds that the Settlement Administrator properly notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

8.    Pursuant to Federal Rule of Civil Procedure 23, and for purposes of this Settlement only, the Settlement Class is defined as follows: All persons who were issued a parking ticket by Upper Darby between January 1, 2021 and December 31, 2022, excluding (a) any Settlement Class Members who file a timely request for exclusion; (c) any officers, directors, or employees, or immediate family members of the

2

officers, directors, or employees, of Defendant or any entity in which Defendant has a controlling interest; (d) any person who has acted as a consultant of Defendant; (e) any legal counsel or employee of legal counsel for Defendant; (f) any federal, state, or local government entities; and (g) any judicial officers presiding over the Action and the members of their immediate family and judicial staff.

9.  The Settlement Class is ascertainable and so numerous that joinder of all members is impracticable. The Settlement Class consists of thousands of class members, and the Settlement Class Members have been determined by objective means from the records of Defendant.

10.  There are questions of law or fact common to the Settlement Class, centered around Defendant's issuance of Parking Tickets.

11.  The claims of the proposed Class Representative are typical of the claims of the Settlement Class Members. The proposed Class Representative and each member of the Settlement Class are alleged to have suffered the same type of injury caused by the same course of conduct.

12.  Plaintiff has fairly and adequately represented and protected the interests of the Settlement Class. Plaintiff is a member of the Settlement Class. Neither Plaintiff nor Class Counsel have any conflicts of interest with the Settlement Class Members, and Class Counsel have demonstrated that they have adequately represented the Settlement Class.

13.  The questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members.

14.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, as the Settlement substantially benefits both the

litigants and the Court, and there are few manageability issues, as settlement is proposed rather than a further trial.

15.   Pursuant to Federal Rule of Civil Procedure 23(e), the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Settlement Class Members, taking into account the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of Defendant to withstand a greater judgment; (8) the range of reasonableness of the Settlement in light of the best possible recovery; and (9) the range of reasonableness of the Settlement to a possible recovery in light of all the attendant risks of litigation.

16.   The plan for distribution of the Cash Benefit is fair and equitable. The Settlement Administrator shall perform the distribution to Settlement Class Members following the process set forth in the Settlement Agreement without further order of this Court.

17.   The injunctive relief under the Settlement is robust and tailored to the gravamen of the Action, and represents substantial value to the Settlement Class.

18.   The Settlement Class Members have been provided due process in receiving notice of the Settlement and Settlement Agreement.

19.   The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

20.   Accordingly, the Court hereby finally APPROVES the proposed Settlement as reflected in the Settlement Agreement, the terms of which, including but not limited to the Releases, are hereby incorporated by reference as though fully set forth herein.

4

The Court having granted final approval to the Settlement Agreement, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.    The Settlement Agreement is approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; the Parties and their counsel are directed to implement and consummate the Agreement according to its terms and provisions; and the Agreement is declared to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and each Settlement Class Member against Defendant who did not timely opt-out of the Settlement.

2.    The Parties are hereby directed to take all actions required under the terms and provisions of the Settlement Agreement.

3.    To the extent permitted by law, and without affecting the other provisions of this Final Approval Order, this Final Approval Order is intended by the Parties and the Court to be res judicata, and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Settlement Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses arising out of or relating to the claims released under the Settlement Agreement.

4.    All persons who are Settlement Class Members are bound by this Final Approval Order and are enjoined from instituting, maintaining, prosecuting, or enforcing,

either directly or indirectly, any claims discharged by the Settlement Agreement.

5.      The Court shall retain continuing jurisdiction over this Action as set forth in the Agreement, including as to the following matters: (i) enforcement of the terms of the Settlement Agreement; (ii) issues relating to Settlement Administration; and (iii) enforcement of this Final Approval Order, the Judgment, and any order relating to Attorneys' Fees and Expenses and the Class Representative Service Payment.

6.      This Action (including all of Plaintiff's individual claims and Settlement Class Member claims asserted herein) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement. No just reason exists for delay in entering this Final Approval Order and Judgment.

**IT IS SO ORDERED, this \_\_\_\_\_ day of _____, 2024**


_____
Rufe, J.