**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARY G. CANDIDO**<br><br>                    **Plaintiff,**<br><br>          **v.**<br><br>**UPPER DARBY TOWNSHIP**<br><br>                    **Defendant.** | **CIVIL ACTION NO. 23-1542** |

## ORDER

**AND NOW,** this 2nd day of December 2024, upon consideration of Plaintiffs'
Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of
Class for Settlement Purposes [Doc. No. 30], it is hereby **ORDERED** that:

1.        Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action
Settlement and Certification of Class for Settlement Purposes[1] [Doc. No. 30] is **GRANTED** and
the settlement is preliminarily **APPROVED** as being a fair, reasonable, and adequate resolution
of the claims of Plaintiffs and the Settlement Class, subject to further and final consideration at
the Final Approval Hearing.

2.        Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court
preliminarily certifies, solely for settlement purposes, the Settlement Class as follows:

> All persons who were issued a parking ticket by Upper Darby between January 1,
> 2021 and December 31, 2022, excluding (a) any Settlement Class Members who
> file a timely request for exclusion; (b) any officers, directors, or employees,
> or immediate family members of the officers, directors, or employees, of
> Defendant or any entity in which Defendant has a controlling interest; (c) any
> person who has acted as a consultant of Defendant; (d) any legal counsel or
> employee of legal counsel for Defendant; (e) any federal, state, or local government
> entities; and (f) any judicial officers presiding over the Action and the members of

---

[1] Unless otherwise specifically defined herein, all capitalized terms have the same meanings as those set forth in the
parties' Settlement Agreement.

their immediate family and judicial staff.

3.      The Court appoints Ruben Honik and David J. Stanoch of Honik LLC as Lead Class Counsel.

4.      The Court appoints Plaintiff Mary Candido as Class Representative.

5.      The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement class that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and lead Class Counsel have and will continue to fairly and adequately represent and protect the interest of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient implementation of the Settlement.

6.      The form and content of the Class Notices is approved. The Court finds that the mailing of the Class Notices in the manner set forth in the Settlement, as well as the establishment of a settlement website, is the best notice practicable, constitutes due and sufficient notice to all persons thereto, and satisfies due process. The Court authorizes the Parties to make non-material modifications to the Class Notices prior to publication if they jointly agree that that any such changes are appropriate.

7.      The Court appoints Angeion LLP as the Settlement Administrator.

8.      The Settlement Administrator is directed to perform all Class Notice and Settlement Administration duties set out in the Settlement Agreement, including:

        a.      Establishing, maintaining, and administering a website, on or before **December 23, 2024**, dedicated to the Settlement which will provide

2

information about the Settlement including all relevant documents and will provide information on how Settlement Class Members may receive the Settlement Benefits. The Full Notice shall be posted on the Settlement Website and will be sent to Settlement Class members who so request.

b. Disseminating Settlement Class Notice on or before **January 2, 2025**, by mailing Notice to be sent by first-class U.S. Mail to all Settlement Class Members.

9.     All Notice and Administration Costs approved and reasonably incurred by the Settlement Administrator shall be paid in accordance with the Settlement Agreement and Settlement Administrator Services Agreement without further order from the Court.

10.     No later than 21 days before the Final Approval Hearing, the Settlement Administrator shall be paid in accordance with the Settlement Agreement and Settlement Administrator Services Agreement without further order from the Court.

11.     Any Settlement Class Members who do not wish to participate in the Settlement must exclude themselves. All requests to be excluded from the Settlement class, in order to be valid, must be submitted electronically or via U.S. Mail. Settlement Class Members may also send a signed letter or postcard to the Settlement Administrator stating: (1) the name and case number of the Action; (2) the full name, address, and telephone number of the person requesting exclusion; and (3) a statement that the Settlement Class Member does not wish to participate in the Agreement. The exclusion request must be delivered to Settlement Administrator or postmarked on or before the Opt-Out Deadline, which is **March 3, 2025**. No Opt-Out request will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any

3

benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Upper Darby Township.

12.     Any Settlement Class Member who has not previously submitted an Opt-Out request may object to the Settlement.

    a.  In order to be valid, the following information must be provided in the Settlement Class Member's written Objection: (a) documents establishing, or providing information sufficient to allow the Parties to confirm that the objector is a Settlement Class Member; (b) a statement of such Settlement Class Member's specific Objection; (c) the grounds for the Objection; and (d) identification of any documents the objector desires the Court to consider.

    b.  All objections must be in writing, sent to the Clerk of this Court, the Settlement Administrator, Lead Class Counsel, and Upper Darby Township's counsel at the addresses set forth in the Class Notice. All objections must be postmarked or filed with this Court on or before **April 28, 2025**.

13.     Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, and/or adequacy of the Settlement and any judgment approving the Settlement.

14.    Any Settlement Class Member who wishes to appear at the Final Approval Hearing and show good cause why the Settlement should, or should not, be approved as fair, reasonable, and adequate shall file a notice of intent to appear on or before **May 5, 2025.**

15.    Lead Class Counsel shall file their motion for an award of attorneys' fees, costs, and expenses, by **March 20, 2025**. Any objection or opposition to the motion must be made by **April 21, 2025**. Class Counsel shall file any reply papers by **April 28, 2025**. Class Counsel shall file their Final Approval Motion by **May 5, 2025**.

16.    The Final Approval Hearing is scheduled for **Monday, May 19, 2025 at 10:30 A.M.** The Final Approval Hearing will be held in Courtroom 12A, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. The Final Approval Hearing will be used to determine whether the proposed settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving the Settlement, and whether Lead Counsel's application for attorneys' fees and the Named Plaintiff Enhancement Awards should be approved.

17.    All other case deadlines are **STAYED** until further Order of the Court.

It is so **ORDERED.**

**BY THE COURT:**

 **/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**